HAYES vs. LIENLOKKEN.

*February 5 — February 24, 1880.*

*(1) Record in this state of foreign will and probate: its effect as evidence.*
*(2) Strict foreclosure of mortgage: when not an assignment of mortgage to purchaser.*

1. Where the mortgagee of land in this state is a resident of another state, the record in the county where the land is situate, of an instrument purporting to be his last will, and of the probate thereof in such other state, is not proof either that the mortgagee is dead, or that the person named in such instrument as his executor had authority to act as such in foreclosing the mortgage by advertisement and sale: that not being the purpose or effect of sec. 2295, R. S.
2. A proceeding for a statutory foreclosure of a mortgage, by sale without action, void because made by a person without authority to act for or represent the mortgagee, cannot operate as an assignment of the mortgage.

APPEAL from the Circuit Court for *La Crosse* County.

Ejectment. Defendant claimed under a mortgage sale of the land made by one Davis as surviving executor of one Mooney, the mortgagee, by virtue of a power of sale contained in the mortgage. The evidence relied upon by the defendant.

to show the right of Davis as such executor, will appear from the opinion. The circuit court held the evidence insufficient, and rendered judgment for the plaintiff; from which the defendant appealed.

For the appellant, there was a brief by *Cameron, Losey & Bunn*, and oral argument by *Mr. Bunn.*

For the respondent, there was a brief by *M. P. Wing* and *G. C. Prentiss*, and oral argument by *Mr. Wing* and *P. L. Spooner.*

COLE, J. The defense in this case rests entirely upon the title acquired or claimed under the mortgage given by the plaintiff and her former husband to Linus H. Mooney, in 1858. It is practically conceded that Mooney was a resident and citizen of New Jersey. For the purpose of showing the death of Mooney, and the foreclosure of the mortgage by his executor by advertisement, under the statute, the defendant offered in evidence a record of the office of register of deeds for La Crosse county, which was the record of a certified copy of the probate of the will of Mooney. It was claimed on the part of the defendant, that this record of the copy of Mooney's will, and of its probate in New Jersey, was sufficient evidence of the death of Mooney and of the official character of the person who assumed the right to foreclose the mortgage by advertisement in this state. The final ruling of the circuit court as to the effect of this record was, that it did not establish these facts. The correctness of that ruling is the only question we have to consider. That it was essential to show the right or authority of the person foreclosing the mortgage to act in the matter, seems to us too plain for argument. If the rule were otherwise, then a mere stranger, one who had no earthly right to represent the owner of the mortgage, might go through the form of foreclosure by advertisement and sale, and give a good title.

The able counsel for the defendant would not argue in sup-

port of any such position. But it is claimed that the record offered was sufficient proof of the authority of the person foreclosing the mortgage to act as executor, by ·virtue of section 2295, R. S., which reads as follows: "When a will devising lands in this state, or any interest therein, shall have been duly proved and allowed in the proper court of any other of the United States, or the territories thereof, a copy of such will and of the probate thereof, duly authenticated, may be recorded in the office of the register of deeds of any county in which any such lands are situated, and when so recorded, and all such as may have heretofore been so recorded, shall be as valid and effectual to pass the title to such lands as if such will had been duly proved and allowed by the proper court in this state; and the record of such copy, or a duly certified transcript thereof, shall be presumptive evidence of the authority of any person authorized by such will to convey or otherwise dispose of any such lands."

We do not think this section was intended to have the application claimed for it. The provision doubtless has a purpose — a practical object in view. But that object was not to prescribe a rule of evidence, nor declare what should be legal proof of death, and of the authority of an executor to act. The legislature were treating of the subject of wills of realty, instruments which have the effect of conveyances proper, and were providing a method by which the claim of title of lands might be preserved and made known. And hence it provides that a duly certified and properly authenticated copy of a will, devising lands in this state, or an interest in lands, which will has been duly proven and allowed by the proper court of another state, may be recorded in the office of the register of deeds of the county where the lands are situated. When such copy has been so recorded, it is as valid and effectual to pass the title to such lands as though the will had been duly proven and allowed by the proper court of this state.

So far as the devise of real estate is concerned, the provis-

ion supersedes the necessity of proving anew a foreign will by making the record of the duly certified copy operate as an original probate. That this is the purpose of the provision is rendered more apparent by the preceding section. That declares that no will shall be effectual to pass either real or personal estate unless it shall have been duly proved and allowed by the courts of this state, except as provided in section 2295. We do not rest our construction of the section so much upon the word "devise" used therein, as upon what seems to be its general design and object. That the word "devise" is sometimes used in wills and in statutes with reference to personal property, was clearly established on the argument by the counsel for the defendant. But we think he misapprehended the real object which the legislature had in view in enacting the section. As we have already said, it was not enacted for the purpose of prescribing a rule of evidence, or declaring what should be sufficient proof of the death of a party, or of the representative character of an executor. But its object was to allow a certified copy of a foreign will, which was duly authenticated, to be recorded in this state for the purpose of affording record evidence of title to lands. Therefore, according to the view we have taken, there was no proof given in the court below that the person assuming to foreclose the mortgage, by advertisement, had any right or authority to act in that behalf; nor did it appear even that the mortgagee was dead.

But it is further insisted that, if the foreclosure proceedings were void, they nevertheless operated as an assignment of the mortgage to the purchaser at the sale. But the difficulty with that position is, that the purchaser was the very party who assumed the right to foreclose the mortgage. If he had no authority to act for the owner of the mortgage in the matter, it was very plain that he could acquire no title to anything, either the debt or the land, by going through the formality of an unauthorized sale. Had the mortgagee, or a person law-

Quaife and wife vs. The Chicago & Northwestern R'y Co.

fully representing him, conducted the foreclosure proceedings, the rule contended for by counsel would apply. Under the circumstances, it has no application whatever.

*By the Court.* — The judgment of the circuit court is affirmed.