JOHN W. GREEN, and others, *vs.* WILLIAM G. ALDEN.

Knox.    Opinion November 29, 1898.

*Foreign Will.    Witnesses.    Real Property.    Trust Powers.    R. S., c. 64, §§ 13, 14.*

Where a testator's will that gave lands in Maine to his trustees was executed and allowed in conformity with the laws of New York, but having only two attesting witnesses, it is not in accordance with the laws of Maine.    It having been duly allowed and recorded, however, in the state of Maine, in the county where the demanded premises in this action are situated, and under the provisions of our statutes as construed in *Lyon* v. *Ogden*, 85 Maine, 374, it is held by the court that the devise in question was effectual and operative in giving to the trustees named a valid title to the demanded premises for the purposes of the trust described.

They were not required to have letters testamentary issued to them, or to qualify as executors by giving bond, in this state, in order to make a valid transfer of their title.    In making that conveyance they were not in fact acting as executors, but as donees of a trust power in whom the legal title had been vested by act of a testator having his domicile in New York where their account was to be settled.

The copy of the will and of the probate in New York was not recorded in this state until long after the conveyance of the demanded premises by the trustees.    *Held;* that in such a case the estate of the devisees would vest by relation back to the time of the death of the testator and not to the time of filing the will.

No title passes under a tax deed when the description is insufficient, e. g. "a lot of land containing five acres or thereabouts situated on the easterly side of Bay View Street, at Camden Village within the town of Camden aforesaid, on Ogier's Point, so-called."

A recital in a tax deed that the treasurer "offered for sale such part of the above described real estate as would be sufficient to pay the tax, interest and charges thereon" is not evidence that the treasurer exposed for sale and sought offers for a fractional part of the premises sufficient to pay the tax and legal charges and that he could obtain no bid therefor.

Nor is such recital a compliance with the statute which authorizes the town treasurer to offer for sale so much of the real estate taxed as should be required to pay the tax, interest and costs.

ON REPORT.

The facts of the case appear in the opinion.

*E. P. Spofford*, for plaintiffs.

*J. H. and C. O. Montgomery*, for defendant.

The plaintiffs claim through a deed of sale from parties who sign themselves executors of the will of William A. Keteltas, June 19, 1883, and recorded Dec. 2, 1896, to their ancestor Mary C. Keteltas. It is simply their deed of sale of the premises. It does not announce in it whether it was made for the furtherance of the provisions of the will or not. It is simply their deed of sale.

A will made in another state by a non-resident, is a foreign will as to this state. Until such a will has been properly probated in this state it is as though it did not exist. *Campbell* v. *Sheldon*, 13 Pick. 22.

This action was commenced Dec. 29, 1896. Copies of the will and probate of it in New York were not filed in the probate court here until July, 1897.

Until a foreign will has been properly proven here it is not recognized by our court. Nor the executors appointed under it by a foreign state. 1 Redf. Wills, p. 412; *Campbell* v. *Sheldon*, 13 Pick. 22.

Foreign executors have no power to bring suits in matters pertaining to the testate estate in other states than the one appointing them. *Clark* v. *Clement*, 33 N. H. 567.

Their appointment in one state confers upon them no right to, or control over, the property of the testate estate in another state. *Sheldon* v. *Rice*, 30 Mich. 301, (18 Am. Rep. 136.)

The executors of the will in this case, with only a qualification from the court of New York, could not bring an action for the rents and profits of the land in dispute in this state. As executors under a New York appointment they could not bring a writ of entry for its possession. And they cannot, by their deed, confer that right upon a third party.

This action is prematurely brought. The will should have been proven here before the action should have been commenced. R. S., c. 74, § 15, and the executors who made the deed appointed.

A will simply proven in our state grants no rights to executors or trustees to control the testator's property until they have qualified by giving bond, R. S., c. 68, § 1. See *Goodwin* v. *Jones*, 3 Mass. 520.

Redfield on Wills Vol. 3. p. 568, says: "and therefore a non-resident is not, except for special reasons and by exceptional permission of the court administering the trust allowed to act as trustee."

The residue of the estate, after providing for the objects of the trust, is to be divided among certain kindred of his according to the law of New York. It is not all to be held in trust. The case does not show what part is trust, and what part is residuary.

Defendant claims the land under a tax title. There seems to be no question about the due execution of the deed from the treasurer of the town, and from the town to the defendant.

Description: The town, the village in the town, the point of land in the village the street and the side of the street, the owner's name and the number of acres in the piece are all stated with particularity. With such a description it would not seem a very difficult act to find the piece of land conveyed. The deed from the town to the defendant describes the land by bounds referring to the Keteltas deed from Ogier, and to the premises as having been sold for taxes. The title is connected by the descriptions in the deeds.

SITTING: EMERY, HASKELL, WHITEHOUSE, WISWELL, STROUT, JJ.

WHITEHOUSE, J. This is a writ of entry in which the demanded premises are represented to be "certain real estate situated in Camden in this state, containing five and one-half acres more or less," and more particularly described by metes and bounds.

The plaintiffs derive title to the land through certain mesne conveyances from the devisees thereof in trust, named in the will of William A. Keteltas of New York. The defendant derives title from the inhabitants of the town of Camden to whom the land was sold by its treasurer as the property of Wm. A. Keteltas for non-payment of taxes.

In the will of William A. Keteltas after disposing of his burial plot in Trinity Cemetery, the testator proceeds in the second item as follows:

" I give and bequeath and will and devise the rest and residue of all and every the estate real and personal and mixed, whereof I may die seized or possessed wheresoever and whatsoever, unto my executors hereinafter named, the survivors or survivor of them or such of them as shall qualify and undertake. the burthen of the execution of this my will in the trusts and upon the confidences nevertheless and for the purposes and effects hereinafter stated, that is to say:

First—They my said executors shall take into possession, care for and manage my said estate, receive and collect the rents, issues, incomes and profits thereof and from time to time invest the same as hereinafter directed." In the eight succeeding items the testator directs the mode of investing and reinvesting the property, specifies the beneficiaries to whom the trustee shall pay the income and principal of the estate and prescribes the manner in which the trust shall be executed, and then closes as follows:

" Lastly, I nominate and appoint my nephew Eugene M. Keteltas and Henry W. Clark husband of my niece Fanny, to be executors of this my last will and testament; hereby giving and granting unto them and to the survivors of them, or such of them as may undertake the burthen of the execution of this my will, full and ample power and authority in law to make, sign and deliver bonds, mortgages, leases and conveyances, and mortgage, lease or sell the whole or any part of my estate for the purpose of carrying into effect my full intention in this my last will and testament expressed."

This will was duly proved and allowed in the Surrogate's Court of New York, and the executors therein named having accepted the trust and been duly qualified, letters testamentary were issued to them on the ninth day of February, 1876.

On the nineteenth day of June, 1883, Eugene M. Keteltas and Henry W. Clark "as executors of and trustees under the last will and testament of Wm. A. Keteltas ", sold and conveyed the demanded premises to Mary C. Keteltas from whom the plaintiffs acquired their title.

The plaintiffs' action was commenced on the twenty-ninth day

of December, 1896, and on the seventh day of August, 1897, an authenticated copy of the will of Wm. A. Keteltas and of the probate thereof in New York, was presented to the probate court in the county of Knox in this state, and duly allowed as the will of Wm. A. Keteltas and filed and recorded in the Probate Court of Maine.

Upon this state of facts it is earnestly contended in behalf of the defendant that, inasmuch as these foreign executors never qualified by giving bond in this state and never received letters testamentary from the probate court of Knox County, they had no control over the property of the testator situated in this state, and no power or authority to execute a conveyance of the demanded premises.

It has been seen, however, that by the terms of the will of Wm. A. Keteltas, unrestricted power to sell and convey the whole or any part of the estate, was expressly given to Eugene M. Keteltas and Henry W. Clark as donees of a power in trust. It is true that the same persons were named as executors of the will, but the devise of the estate was made to them as trustees or donees of a trust power and not as executors. Their authority as trustees had no necessary relation to the office of executor, and might with equal propriety have been conferred upon any others not named as executors. It was a power which, in the absence of any testamentary provision to the contrary, might have been executed by the trustees without the intervention of executors. *Conklin* v. *Egerton*, 21 Wend. 429. See also *Hall* v. *Bliss*, 118 Mass. 559.

In *Newton* v. *Bronson*, 13 N. Y. 587, (67 Am. Dec. 89,) the executor did not hold the fee in trust, but had only a naked power under the will and yet the court said: "It is argued that the defendant's office of executor does not extend to the lands in Illinois, upon the principle that letters testamentary and of administration have no force beyond the jurisdiction in which they are granted. Hence, it is said, the defendant cannot effectually perform the judgment of the Supreme Court not being able, as it is insisted, to affect the title to lands out of the state. But the

authority of the defendant in respect to real estate is not conferred by the probate court.    He is the donee of a power at common law and under the statute; and although it was by the will made a condition to his acting under the power that he should qualify as executor, when he has performed that condition, he acts in conveying the land as the devisee of a power created by the owner of the estate, and not under an authority conferred by the surrogate."

In the principal case, in order to execute the power conferred upon them and accomplish the purposes of the trust created by the will, it was necessary that the legal title should be vested in the trustees.    *Morton* v. *Barrett*, 22 Maine, 257 ; *Cleveland* v. *Hallett*, 6 Cush. 407 ; 3 Redf. on Wills, 537.    It is not in controversy that the will of Wm. A. Keteltas was executed and allowed in conformity with the laws of New York, but having only two attesting witnesses, it is not in accordance with the laws of Maine.    It was duly allowed and recorded, however, in the State of Maine in the county where the demanded premises are situated, and under the provisions of sections thirteen and fourteen of chapter 64 of our revised statutes, as construed in *Lyon* v. *Ogden*, 85 Maine, 374, the devise in question was effectual and operative in giving to the trustees named a valid title to the demanded premises for the purposes of the trust described.    They were not required to have letters testamentary issued to them, or to qualify as executors by giving bond, in this state, in order to make a valid transfer of their title.    In making that conveyance they were not in fact acting as executors, but as donees of a trust power, in whom the legal title had been vested by act of a testator having his domicile in New York where their account was to be settled.

It is true that the copy of the will and of the probate in New York, was not recorded in this state until long after the conveyance of the demanded premises by the trustees, but it is familiar and well-settled law in this state, that in such a case the estate of the devisees would vest by relation back to the time of the death of the testator and not to the time of the filing and recording of the will.    *Spring* v. *Parkman*, 12 Maine, 127 ; *Putnam Free School* v. *Fisher*, 30 Maine, 523 ; *Grant* v. *Eliot and Kittery Mutual Fire Insurance Co.*, 75 Maine, 196.

The tax title set up by the defendant is so manifestly defective, that it is evidently not seriously relied upon as a ground of defense.

In the first place, it does not appear that the land was described with the precision and fullness required by law. It is represented as "a lot of land containing five acres or thereabouts, situated on the easterly side of Bay View Street at Camden Village within the town of Camden aforesaid, on Ogier's Point, so-called." Such an indefinite description is clearly insufficient. *Libby* v. *Mayberry*, 80 Maine, 137; *Bingham* v. *Smith*, 64 Maine, 450; *Greene* v. *Walker*, 63 Maine, 311; *Orono* v. *Veazie*, 61 Maine, 433.

It nowhere appears, that the treasurer exposed for sale and sought offers for a fractional part of the premises sufficient to pay the tax and legal charges and that he could obtain no bid therefor. This requirement is not fulfilled by the recital that he "offered for sale such part of the above described real estate as would be sufficient to pay the tax, interest and charges thereon." *Ladd* v. *Dickey*, 84 Maine, 190; *French* v. *Patterson*, 61 Maine, 210.

The recitals in the deed are in other respects defective, but even if complete, it is well settled that they would not be evidence of the truth of the facts stated. *Libby* v. *Mayberry*, supra; *Ladd* v. *Dickey*, supra.

*Judgment for plaintiffs.*