STATE EX REL. RUEF, RELATOR, *v.* DISTRICT COURT OF THE TWELFTH JUDICIAL DISTRICT ET AL., RE-RESPONDENTS.

(No. 2,283.)

(Submitted March 8, 1906. Decided April 3, 1906.)

*Wills—Foreign Wills—Probate—Contests—Prohibition.*

Foreign Wills—Probate—Contests—Prohibition.
  1.  A will executed in another state in accordance with its laws, by a testator residing there and having both real and personal property in this state at the time of his death, and subsequently duly admitted to probate there and afterward to ancillary probate in the county in this state in which the property of the testator was situated,

may not be contested in the courts in this state upon the grounds that the testator at the time of making it was not of sound and disposing mind, or was acting under duress, fraud or undue influence; and prohibition lies to restrain the district court from proceeding to hear such contest.

Foreign Wills—Probate.

2. While the Code of Civil Procedure does not in express terms provide for the probate of a will executed in another state, it does so impliedly by section 2351, which makes provision for a hearing of such application and notice thereof.

Foreign Wills—Probate—Contest—Grounds.

3. The grounds upon which the probate of a foreign will may be contested, while not expressly designated in the Code of Civil Procedure, are impliedly set forth in section 2352 by the questions with reference to which the trial court must make findings before admitting it to probate.

Probate Proceedings—Judgment.

4. A judgment in probate proceedings is a judgment *in rem.*

Wills—Decree Admitting to Probate—Effect.

5. A decree of a court admitting a will to probate establishes such instrument as a will, and while the decree may be subject to attack in a proper proceeding and open to review on appeal, yet, until set aside, such decree is conclusive of all facts necessary to the validity of the will.

Foreign Wills—Probate—Requisites.

6. In order to allow a will executed in another state to probate in this state, it must first appear that it was duly proved, allowed and admitted to probate in the court of the sister state; that it was executed according to the law of the place in which it was made, or in which the testator was at the time domiciled or in conformity to the laws of this state, and that the record is authenticated as required by section 905 of the United States Revised Statutes.

ORIGINAL application by the state, on the relation of A. Ruef, as executor of G. F. Deletraz, for a writ of prohibition restraining the district court of the twelfth judicial district and the Honorable Jere B. Leslie, presiding in place of the resident judge who was disqualified, from hearing the contest of a will. Peremptory writ ordered issued.

*Mr. F. E. Stranahan,* for Relator.

*Mr. George H. Stanton,* and *Mr. J. A. McDonough,* for Respondents.

MR. JUSTICE HOLLOWAY delivered the opinion of the court.

Prior to his death, which occurred at San Francisco, on March 7, 1904, G. F. Deletraz made and published two wills,

the first of which for convenience will be designated the "Mossholder will," and the last the "Ruef will." Such proceedings were had in the superior court of San Francisco that the Ruef will was duly admitted to probate, and letters testamentary issued to the person named as executor in that will. The decedent had real and personal property in Chouteau county, Montana, and in May, 1904, after the will had been admitted to probate in California, a copy of such will and the probate thereof, duly authenticated, were produced by the executor with a petition for letters, and filed in the district court of Chouteau county, where such proceedings were had that thereafter, on December 30, 1904, it appearing to that court from the record that said will had been proved, allowed and admitted to probate in the state of California, and that it was executed according to the laws of California, a decree was duly given and made admitting such will to probate.

Thereafter, on February 2, 1905, certain devisees, and the executor named in the Mossholder will, filed in the district court of Chouteau county what purported to be a contest in writing of the Ruef will, which writing sets forth as the ground of contest that, at the time of making the Ruef will, the testator, Deletraz, did not have mental capacity to make a will and was acting under fraud, misrepresentation, and undue influence of certain other persons, and prays that the order admitting the Ruef will to probate be annulled; that the letters issued thereon be revoked; that the Mossholder will be admitted to probate; and that letters testamentary issue to the executor named in that will. To this contest the relator, the executor named in the Ruef will, demurred on the ground that the district court of Chouteau county has not jurisdiction to hear such contest, and that the so-called contest in writing does not state facts sufficient to constitute any ground of contest. This demurrer was overruled, and, the district court being about to proceed to hear such alleged contest, an application was made to this court for a writ of prohibition restraining the district court of Chouteau county and the Honorable Jere B. Leslie, judge of said court, for the purpose of hearing all the proceedings in connection

with this matter, the resident judge being disqualified, from further proceeding with said `alleged contest. An alternative writ was issued, and upon the return the matter was submitted upon a motion to quash the alternative writ and dismiss the proceedings.

The question which arises, and which was submitted for determination, is: May a foreign will, after it has been admitted to probate in this state, be contested in the courts of this state upon the ground that the testator at the time of making such will was not of sound and disposing mind, or was acting under duress, fraud or undue influence?

A "foreign will," in the sense that the term is used throughout this opinion, is a will executed in another state by a testator residing there, admitted to probate in such sister state after the death of the testator, and subsequently offered for ancillary probate in this state, as was the case with the will now under consideration.

While our Code does not in express terms provide for the contest of an application to the courts of this state for the probate of a foreign will, it does so impliedly; for section 2351 of the Code of Civil Procedure, which has to do with the subject, provides for a hearing of such application, and that notice of such hearing shall be given. If objections could not be made at such hearing, then there would be no reason for requiring a hearing or notice thereof, and the mere fact that a hearing is required to be had, and proper notice of such hearing given, implies that some kind of objections may be interposed. The only specifications of grounds of contest of a domestic will are to be found in section 2340 of the Code of Civil Procedure, and they are not designated as such, but as the issues which may be raised and which the court is required to try and determine.

So, likewise, while no particular grounds of contesting an application for the probate of a foreign will are expressly designated, section 2352 of the Code of Civil Procedure does enumerate the findings which the trial court must make before admitting such will to probate, and these may be accepted as questions with respect to which issues may be raised, and there-

fore the grounds of such contest. But these questions arise upon the hearing of the application for probate and are to be tried by the record itself, and have not any reference to proceedings after the will has been admitted to probate here.

As these proceedings are purely statutory, and the statute makes no specific provision for the contest of a foreign will after probate, we might dispose of this proceeding by saying that the provisions of section 2352 above are exclusive, except as to the question of jurisdiction of the court of the sister state over the subject matter, and likewise the question of the jurisdiction of the Montana court, which might be raised independently of statute.

But attention is directed to one portion of section 2352, above, which provides that, when such foreign will is admitted to probate in this state, it shall "have the same force and effect as a will first admitted to probate in this state," and the argument is made that, as the probate of a domestic will or the validity of such will is subject to contest within one year after such probate, and as the foreign will when admitted has the same force and effect as the domestic will, therefore the probate of the foreign will in the courts of this state and the validity of such will are likewise subject to contest within a like period.

When the proper record of the probate of the will in the court of a sister state having jurisdiction is presented in a district court of this state likewise having jurisdiction of the subject matter, the question arises: What force and effect shall be given by the courts of this state to such record?

Section 1, Article IV, of the Constitution of the United States, provides: "Full faith and credit shall be given in each state to the public acts, records and judicial proceedings of every other state. And the Congress may by general laws prescribe the manner in which such acts, records and proceedings shall be proved, and the effect thereof." Pursuant to this direction, section 905 of the United States Revised Statutes (U. S. Comp. Stats. 1901, p. 677) was enacted, which, after providing for the manner of authenticating such records, reads: "And the said records and judicial proceedings, so authenticated, shall have

such faith and credit given to them in every court within the United States as they have by law or usage in the courts of the state from which they are taken.''

Section 3201 of our Code of Civil Procedure also provides: ''The effect of a judicial record of a sister state is the same in this state as in the state where it was made, except that it can only be enforced here by an action or special proceeding, and except also, that the authority of a guardian or committee, or of an executor or administrator, does not extend beyond the jurisdiction of the government under which he was invested with his authority.''

Section 1908 of the California Code of Civil Procedure, which is pleaded in the petition for the writ of prohibition, is as follows: ''The effect of a judgment or final order in an action or special proceeding before a court or judge of this state, or of the United States, having jurisdiction to pronounce the judgment or order, is as follows: (1) In case of a judgment or order against a specific thing, or in respect to the probate of a will, or the administration of the estate of a decedent, or in respect to the personal, political or legal condition or relation of a particular person, the judgment or order is conclusive upon the title to the thing, the will, or administration, or the condition or relation of the person. * * * ''

The decree of the superior court of California, then, must be deemed conclusive upon the court in Chouteau county, of every matter with respect to which it is conclusive in California. Section 1908 above is not very definite. A judgment in respect to the probate of a will is conclusive upon the will. Conclusive of what? In *State* v. *McGlynn,* 20 Cal. 233, 81 Am. Dec. 118, the supreme court of California, in considering an attack made upon the decree admitting the Broderick will to probate, after reviewing the authorities at length, says: ''This review of the cases decided in England and in the United States establishes that it is a perfectly settled doctrine that the decision of the court to which the proof of wills is confided, whether of real or personal estate, is conclusive upon the question of the validity or invalidity of the will.'' The reference here to real

estate, of course, applies to real estate within the jurisdiction of that court.

It is generally conceded that a judgment in a probate proceeding is a judgment *in rem;* that is, it determines the status of the subject matter. Therefore the judgment of the California court admitting the will to probate there fixed the status of the instrument as a will and became at once conclusive upon all the world of all the facts necessary to the establishment of a will, among which are that, at the time the will was executed, the testator was of sound and disposing mind and was not acting under duress, fraud, menace or undue influence. (16 Ency. of Pl. & Pr. 1073; note to *Bowen* v. *Johnson,* 73 Am. Dec. at page 53 [5 R. I. 112], where the authorities are cited. See, also, the leading case of *Crippen* v. *Dexter,* 13 Gray [Mass.], 330.)

The decree of a court of this state first admitting a will to probate does establish such instrument as a will. It is true that such decree is not necessarily final. It may be reviewed on appeal and is subject to attack within one year in a proper proceeding instituted for that purpose. But, until set aside by a proper proceeding, such decree is conclusive of all facts necessary to the validity of the will. If the foreign will, after being admitted to probate, is subject to a like attack, it follows necessarily that it must, when such attack is made, be proved as a domestic will. But this was never contemplated, and if it was, the mere fact that such foreign will may be required to be proved, as if probate thereof had never been had, would nullify the provision of section 905 of the United States Revised Statutes above, and render meaningless the sentence quoted from section 2352, above. These views are reinforced by the provisions of section 2360 of the Code of Civil Procedure, which provides that, in order to contest the probate of a will after such will has been admitted to probate, an interested party must file a petition in writing setting forth the grounds of contest, and this petition must be filed *in the court in which the will was proved.* But a foreign will admitted to probate here is not proved in the court of this state. Section 2350 of the Code of Civil Procedure provides: "All wills duly proved and

allowed in any other of the United States, or in any foreign country or state, may be *allowed* and *recorded* in the district court of any county in which the testator shall have left any estate."

In order to entitle a foreign will to probate here, it must first appear that it was duly proved, allowed and admitted to probate in the court of the sister state; that it was executed according to the law of the place in which it was made or in which the testator was at the time domiciled, or in conformity to the laws of this state; and that the record is authenticated as required by section 905 of the United States Revised Statutes, above. Of course, it must also appear that there is property within the jurisdiction of the Montana court subject to administration, and that the court of the sister state likewise had jurisdiction of the subject matter. But, when these facts do appear, "it [the foreign will] must be admitted to probate * * * and letters testamentary or of administration issued thereon." (Section 2352, above.)

But it may be said, conceding all this, the decree of the California court can only be conclusive of matters with respect to which that court had jurisdiction, and that this is the meaning which has been given uniformly to the constitutional provision quoted above; that the California court did not have jurisdiction of real estate situated in Montana, and therefore the decree of the California court admitting the Ruef will to probate only establishes that instrument as a will, in so far as it affects personal property, upon the principle "of international law originated by the necessities of commercial intercourse, founded on the fiction that movable property, wherever situate, is in the actual possession of the owner at his domicile, and universally accepted by comity with all the force of domestic law, that the personal property of every man is subject to the law of his domicile" (*Irwin's Appeal*, 33 Conn. 128); that the devolution of title to real estate in this state is to be determined by the laws of this state; and that the full faith and credit clause of the United States Constitution, above, does not operate to the prejudice of this right. Assuming this to be true, and that the

general rule is that, in the absence of statute, the probate of a foreign will devising real estate situated in this state does not establish the validity of such will in this state, upon the familiar principle that the *lex rei sitae* governs as to the formalities necessary to the transfer of real estate, whether testamentary or *inter vivos*, still this state may by statute give to a foreign will, which devises real estate located in this state, the same effect. as is given to a will devising personal property only, or a will executed in conformity with the laws of this state; and, if such statute is enacted, the probate of such foreign will in the courts of this state under that statute is conclusive as to the validity of the will to pass title to the land so devised. (23 Am. & Eng. Ency. of Law, 2d ed., 143.)

Section 1731 of our Civil Code provides: "A will of real or personal property, or both, or a revocation thereof made out of this state by a person not having his domicile in this state, is as valid when executed according to the law of the place in which the same was made, or in which the testator was at the time domiciled, as if it were made in this state, and according to the provisions of this chapter." Provisions similar to this section, and to that portion of section 2352 quoted above, have frequently been construed.

The case of *Ives* v. *Salisbury*, 56 Vt. 565, presents the precise question argued here, and the decision is upon similar statutory provisions. It is held that the questions of the testamentary capacity of the testator and his freedom from undue influence are foreclosed by the decision of the court of the sister state where the will was first admitted to probate.

Under statutes almost, if not quite, identical with our sections 2350, 2351, and 2352 of the Code of Civil Procedure, and section 1731, Civil Code, above, the supreme court of Minnesota says that the ancillary probate is mostly a mere matter of form, and holds that these statutes make the judgment of a sister state, admitting the will to probate, conclusive as to the validity of the will, and that the proceedings to probate it in Minnesota are much in the nature of a suit upon a foreign judgment. (*Babcock* v. *Collins*, 60 Minn. 73, 51 Am. St. Rep. 503, 61 N.

W. 1020; *Lyon* v. *Ogden,* 85 Me. 374, 27 Atl. 258; Page on Wills, sec. 30; *Green* v. *Alden,* 92 Me. 177, 42 Atl. 358; *Crippen* v. *Dexter,* above; *Irwin's Appeal, supra; Hayes* v. *Lienlokken,* 48 Wis. 509, 4 N. W. 584.)

Reference is made to section 1838 of our Civil Code, which reads as follows: "Except as otherwise provided, the validity and interpretation of wills are governed, when relating to real estate within this state, by the law of this state; when relating to personal property, by the law of the testator's domicile." This section must be read in connection with section 1731, above, and without doubt refers to particular devises which are prohibited by the laws of Montana, and, probably, to conditions such as are enumerated in sections 1729, 1744, 1751, and 1752 of the Civil Code, and probably to other like questions which are not in controversy in this proceeding.

From these considerations it follows that, by giving full force and effect to the decree of the California court admitting the Ruef will to probate, and adjudging that such will was executed according to the law of California where it was executed, such will, when admitted to ancillary probate in Chouteau county, operates to transfer all property, real and personal, of the testator, to the same extent that a will drawn in Montana, in conformity to the laws of Montana, and duly probated here in the first instance, would transfer it. Section 1731, above, then, makes applicable the provisions of section 1, Article IV of the Constitution, above, and section 905 of the United States Revised Statutes, to the decree of the California court admitting the Ruef will to probate, even though that will devises real estate situated in Montana, and that decree is conclusive upon the court in Chouteau county to the same extent respecting the Ruef will as if it transferred personal property only.

We think that the questions of the testamentary capacity of the testator and his freedom from duress, fraud, misrepresentation, or undue influence, when executing the Ruef will, are foreclosed by the decree of the California court, and that

the district court of Chouteau county is without jurisdiction to inquire into them.

The motion to quash the alternative writ and dismiss the proceedings is overruled. It is ordered that the peremptory writ of prohibition issue according to the prayer of the petition.

*Writ issued.*

MR. CHIEF JUSTICE BRANTLY and MR. JUSTICE MILBURN concur.