## J. H. KIRKLAND *v.* GEORGE R. CALHOUN *et al.**

### (*Nashville.* December Term, 1922.)

1. **WILLS.** Foreign probate conclusive as to personalty and as to realty within State of testator's domicile.

A decree in the State of testator's domicile admitting the will to probate is conclusive in other jurisdictions, both as to the testator's personal property, which follows the person of the owner, and as to the real property within the State of the testator's domicile. (*Post, pp.* 392, 393.)

Cases cited and approved: Williams v. Saunders; 45 Tenn., 60; Martin v. Stovall, 103 Tenn., 1.

2. **WILLS.** Testamentary capacity and formal requisites as relating to immovable property ultimately determined by courts of State where property located.

Under Acts 1823, chapter 31 (Shan. Code, section 3922), as supplemented by Acts 1909, chapter 87, and Acts 1903, chapter 497, as to all questions of the disposition of immovable property by will, the ultimate determination of the testamentary capacity, as well as formal requisite, lies in the courts of the State where the property is situated. (*Post, pp.* 393, 394.)

Cases cited and approved: State of Montana ex rel. v. District Court of the Twelfth District et al., 34 Mont., 96; Selle v. Rapp, 143 Ark., 192; Williams v. Saunders, 45 Tenn., 60; Carpenter v. Bell, 96 Tenn., 294; Martin v. Stovall, 103 Tenn., 1.

---

*As to full-faith and credit provision as applying to decree of another State admitting a will to probate see notes in 48 L. R. A., 136 and 13 A. L. R., 498.

On effect of probate of a will in another State see notes in 48 L. R. A., 130 and 6 L. R. A. (N. S.), 617.

On capacity of testator to make a will disposing of property see note in 2 L R. A. (N. S.), 414.

3. **WILLS.** Foreign judgments admitting to probate may be made conclusive by statute.

A State may, by statutory enactment, afford conclusiveness to foreign probate judgments and decrees. (*Post, pp.* 394-396.)

4. **WILLS.** Full faith and credit clause inapplicable to probate of will affecting realty in another State.

The full faith and credit clause of the Federal Constitution and the Acts of Congress, effective thereof, are imapplicable to make a judgment admitting a will to probate in one State conclusive in another State, wherein real property is conveyed by the will, nor does this limitation apply only to the questions relating to due execution, but includes as well questions of testamentary capacity. (*Post, pp.* 394-396.)

Acts cited and construed: Acts 1823, ch. 31; Acts 1903, ch. 497; Acts 1909, ch. 87.

Cases cited and approved: Keith v. Keith, 97 Mo., 223; Evansville Ice & Cold Storage Co. v. Winsor, 148 Ind., 682; Nelson v. Potter, 50 N. J. Law, 324; Hines v. Hines, 243 Mo., 480; Bowen v. Johnson, 5 R. I., 112; Robertson v. Pickrell, 109 U. S., 608; McCormick v. Sullivant, 26 U. S., 192; Darby v. Mayer, 23 U. S., 465.

Case cited and distinguished. Dibble v. Winter, 247 Ill., 243.

Code cited and construed: Sec. 3922 (S.).

5. **WILLS.** Though probate proceedings are in rem, they are not conclusive as to realty without State.

Though probate proceedings are recognized as actions *in rem* that are conclusive as to personalty, under Shannon's Code, section 3922, declaring any person interested to contest the validity of a will may do so in the same manner as though it had been originally presented for probate in the courts of the State, foreign probate proceedings cannot be deemed conclusive as to realty located outside the state of probate. (*Post, pp.* 396, 397.)

6. **APPEAL AND ERROR.** Court's ruling, though excepted to, not reviewable, where no error is assigned thereon.

Kirkland v. Calhoun.

Though an exception may have been taken to a ruling of the court below, the matter is not presented for review, unless an appeal is taken therefrom and error assigned thereon. (*Post, p.* 397.)

7. **WILLS.** Where there is evidence of testator's unsoundness of mind, issue must go to jury.

Where there is testimony directly asserting the unsoundness of mind of a testator, and this is the determinative issue, the case must be submttted to the jury. (*Post, p.* 397.)

Case cited and distinguished: Tyrus v. Railroad, 114 Tenn., 579.

8. **WILLS.** Administrator's defense not raised till second trial in circuit court held still available.

The defense asserted by an administrator, in a proceeding to contest the validity of a will, not raised in the county court and not asserted until the second trial in the circuit court, *held* nevertheless still available to him. (*Post, p.* 398.)

Cases cited and approved: Shaller v. Garrett, 127 Tenn., 665; Cornwell v. Cornwell, 30 Tenn., 485.

---

FROM DAVIDSON.

---

Appeal from the Circuit Court of Davidson County to the Court of Civil Appeals, and by *certiorari* to the Court of Civil Appeals from the Supreme Court.—Hon. A. G. RUTHERFORD, Judge.

J. B. DANIEL, JOS. C. HIGGINS and G. B. KIRKPATRICK, for plaintiffs.

STOKES & STOKES and J. M. ANDERSON, for defendant.

MR. JUSTICE BACHMAN delivered the opinion of the Court.

In February, 1918, Mrs. Mary Ella Calhoun Foote, for many years a resident of, and domiciled in, the city of New York, died, leaving a will by which, after providing for the support of a dependent foster child, the residue of her estate was given to Vanderbilt University, at Nashville, for the purpose of erecting a building in commemoration of, and to be named for, her father. At the time of her death Mrs. Foote owned both personal and real property in New York and certain valuable real property in Nashville. In June, 1918, in conformity with the statutes of the State of New York, the will was duly offered for probate by the executor in the Surrogate Court of New York county, where, with notice by mail to the contestants herein and without contest, it was adjudged to be the last will and testament of the deceased, and that, at the time of its execution, the testatrix was in all respects competent to make a will and not under restraint. A certified copy of the will, together with duly authenticated proceedings of probate thereof in the state of New York, were filed in the county court of Davidson county, Tenn., where in May, 1919, the petition herein was filed by the heirs at law of the testatrix, nonresidents of New York, seeking to invalidate the will because of undue influence and unsoundness of mind. Upon answer by the executor, denying the allegations of the petition and asserting the validity of the will, the contest was certified to the circuit court, where, upon the issues there made, a trial was had which resulted in a mistrial. At a subsequent hearing, after the introduction of evidence by

the contestants, motion was made on behalf of the executor for peremptory instructions in favor of the will upon the two grounds: First, that the judgment of the Surrogate Court of New York, upon the testamentary capacity of the testatrix, was conclusive, and, second, that there was no evidence of unsoundness of mind. The court sustained the first ground of the motion, overruling the second ground, and there was verdict and judgment sustaining the will. Appeal was taken to the court of civil appeals, in which court, upon the question of the conclusiveness of the foreign probate, the judgment of the circuit court was reversed and the case comes here upon petitions for *certiorari,* the executor assigning error to the action stated, and the contestants bringing forward an assignment that the executor was precluded from relying upon the judgment of the New York courts, for the reason that such defense was not presented in the county court and not until the second hearing in the circuit court.

We think there was no error in the holding of the court of civil appeals that the adjudication of the courts of New York, upon the question of the validity of the will there probated, was not conclusive nor binding upon the courts of this State, in so far as the devolution of real estate here situated is concerned.

It is to be noted that no question is made, nor could there upon reason be, with reference to personal property of the testatrix or real property situated in the State of New York. As to the former, legally following, as it does, the person of the owner, there can be no dispute that its disposition must follow and be in accordance with the law of the testatrix's domicile at the time of her death

and the decree of the court of such domicile, admitting the will to probate, is, both by comity and federal treatise, conclusive in other jurisdictions. *Williams* v. *Saunders,* 5 Cold., 60; *Martin* v. *Stovall,* 103 Tenn., 1, 52 S. W., 296, 48 L. R. A., 130.

With respect to real estate, it is conceded by counsel that compliance with the forms, requirements, and solemnities prescribed by the law of a State for the conveyance or devise of real property within its borders is essential for the valid transfer of such property, and that the laws of, or judgments of, the courts of foreign jurisdiction not in conformity to the *lex situs* can have no application, but it is insisted that a foreign adjudication of testamentary capacity to dispose of lands situated in this State is conclusive and binding and cannot be relitigated in our courts. That there is some conflict in the authorities from other jurisdictions upon the question here made is shown by the annotations to the following cases, *State of Montana ex rel.* v. *District Court of the Twelfth District et al.,* 34 Mont., 96, 85 Pac., 866, 6 L. R. A. (N. S.), 617, 115 Am. St. Rep., 510, 9 Ann. Cas., 418; *Selle* v. *Rapp,* 143 Ark., 192, 220 S. W., 662, 13 A. L. R., 494, but the decided weight of authority, and in our opinion the better reasoning, is in accord with the rule announced by our decisions, that as to questions of the disposition of immovable property by will the ultimate determination of testamentary capacity, as well as of formal requisites, lies in the courts of the State where the property is situated. *Williams* v. *Saunders,* 45 Tenn (5 Cold.), 60; *Carpenter* v. *Bell,* 96 Tenn., 294, 34 S. W., 209; *Martin* v. *Stovall,* 103 Tenn., 1, 52 S. W., 296, 48 L. R. A., 130; Pritchard no Wills, section 56, pp. 61, 62; Caruthers, History of a Lawsuit (3d Ed.), section 619.

"That this rule must obtain for the proper mainte-
ance of the State's sovereignty over lands within its bor-
ders in the orderly transfer and secure holding thereof is
obvious, for testamentary capacity is one of the necessary
links in the chain of title to realty, and it is only by ob-
servance of the rule that this important function of gov-
ernment is rendered immune from foreign interference or
substitution of authority. Restrictions upon the power of
testamentary disposition of real property, as well as dif--
fering requirements as to the formal execution of the
power, exist in certain jurisdictions according to the policy
or statutes of the several States, and to subject realty
in one State to the operation of such varying restrictions
of others could not, in keeping with territorial sovereignty,
be permitted."

It is, of course, clear that the State may by statutory
enactment afford conclusiveness to foreign probate judg-
ments or decrees, and such legislation is the basis of some
of the decisions urged in support of the contention of the
executor. We have in Tennessee no such legislation; on
the contrary, our statutes on the subject have been uni-
formly construed as declaratory of the common-law ap-
plication of the *lex domicilii* in the testamentary disposi-
tion of personal property and the *lex situs* in the case of
immovable or real property. Such was the construction
placed upon chapter 31 of the Acts of 1823, Code, section
3922, by the decision in *Williams* v. *Saunders,* supra, and
which has been adhered to in all subsequent decisions
upon the subject. So also by chapter 497 of the Acts of
1903, with respect to wills executed in accordance with the
laws of countries other than the United States; and by

chapter 87 of the Acts of 1909, with respect to the probate of foreign wills, supplementing the act of 1823, the rule announced is clearly maintained. In view of the rule and policy adopted, the full faith and credit clause of the Federal Constitution and the act of Congress effective thereof can have no application; those necessary and wholesome safeguards of the judgments of the courts of the several States were not intended to, nor can they, have the effect of extending the control or jurisdiction of the courts of one State over the territory embraced within the boundaries of another. As stated in *Dibble* v. *Winter*, 247 Ill., 243, 93 N. E., 145:

"The courts of one State are without jurisdiction over the titles of land in another State. A local statute has no extraterritorial force, and can be exercised only upon persons and property within the jurisdiction of the State where such statute is enacted. The law of the State where the real estate is situated governs exclusively. . . . The probate of a will in one State, though conclusive as to personalty, if made at the testator's domicile, can have its only force in establishing the devise of lands in another State by virtue of some law of the State in which the lands are located. . . . This doctrine is consistent with the clause of the Federal Constitution which requires full faith and credit to be given in each State to the records and judicial proceedings of every other State."

See, also, *Keith* v. *Keith,* 97 Mo., 223, 10 S. W., 597; *Evansville Ice & Cold Storage Co.* v. *Winsor,* 148 Ind., 682, 48 N. E., 592; *Nelson* v. *Potter,* 50 N. J. Law, 324, 15 Atl., 375; *Hines* v. *Hines,* 243 Mo., 480, 147 S. W., 774; *Bowen* v. *Johnson,* 5 R. I., 112, 73 Am. Dec., 49.

The decisions of the supreme court of the United States are in accord with the conclusions reached with respect to the constitutional provisions sought to be invoked. *Robertson* v. *Pickrell,* 109 U. S., 608, 3 Sup. Ct., 407, 27 L. Ed., 1049; *McCormick* v. *Sullivant,* 23 U. S. (10 Wheat.), 192, 6 L. Ed., 300; *Darby* v. *Mayer,* 23 U. S. (10 Wheat.), 465, 6 L. Ed., 367. It is sought by counsel to restrict the principle of the foregoing decisions to the matter of the execution of a will in conformity to the *lex situs,* but in our opinion, for the reasons above stated, the same applies with equal force to the question of testamentary capacity.

It is argued that the probate of the will in the State of New York was an action *in rem,* and that therefore the judgment is binding upon all the contestants here. Probate proceedings are recognized as actions *in rem,* and the will itself is the thing inquired into, but the validity of the will depends upon the adjudication of the capacity of the testatrix to dispose of lands in 'Tennessee, which we hold must be determined by our laws and cannot be concluded by a foreign decree. Judgments *in rem,* to be effective and binding, must proceed out of courts of competent and conclusive jurisdiction; thus, as pointed out, it is universally held that the probate of wills of personalty in the domicile of the testator cannot be elsewhere attacked because of the conclusive jurisdiction of the domiciliary courts; all persons interested must have their claims there presented. But to hold, in cases as the present, that contestants of a foreign will devising local lands, even with actual notice of probate proceedings in the foreign court, must become parties and have there determined the validity of the will, would be to nullify our

statutes and decisions, declaring that any person interested to contest the validity of such foreign will may do so in the same manner as though it had been originally presented for probate in our courts.  Code, section 3922.

Error is assigned upon the failure of the court of civil appeals to act upon the second ground of petitioner's motion for peremptory instructions made in the circuit court to the effect that there was no evidence of the testatrix's unsoundness of mind at the time of the execution of the will.  While the record shows an exception to the action of the court, there was no appeal therefrom, and no assignment of error was presented to the court of civil appeals.  Were the question before us, however, we would be constrained to hold the action of the circuit court correct, as the record contains testimony directly asserting the unsoundness of mind of the testatrix.  This was the determinative issue, and one, particularly in contests of this character, wholly within the province of the jury. As said in *Tyrus* v. *Railroad,* 114 Tenn., 579, 86 S. W., 1074:

"There can be no constitutional exercise of the power to direct a verdict in any case in which there is a dispute as to any material evidence or any legal doubt as to the conclusion to be drawn from the whole evidence, upon the issues to be tried."

The petition for *certiorari* filed by the contestants is founded upon the action of the court of civil appeals in refusing to hold that the proponent was estopped to submit as a defense the conclusiveness of the foreign probate, because the question was not first presented in the county court.

The right to contest a will is a preliminary question which may, and by the better practice should, be tried

Kirkland v. Calhoun.

in the county court with the right of appeal to the circuit court (*Shaller* v. *Garrett,* 127 Tenn., 665, 156 S. W., 1084, and cases cited) but the question is not concluded by failure of original defense in the county court. The circuit court has full jurisdiction of the formation and trial of all issues involved in the contest of wills. Thus upon petition in the county court, to contest a will, if the executor does not appear nor answer, and the contest be certified for the trial in the circuit court, it was held in *Cornwell* v. *Cornwell,* 30 Tenn. (11 Humph.), 485, that the executor could there present the question of petitioner's right to contest.

The judgment of the court of civil appeals is affirmed, with costs.