IN RE GIFT'S ESTATE.
WAGNER, ET AL., APPELLANTS, *v.* CLAUSON, ET AL.,
RESPONDENTS.
No. 9038.
Submitted April 24, 1951. Decided June 6, 1951.
232 Pac. (2d) 328.

Messrs. Murch and Wuerthner, and Mr. John P. Wuerthner, Great Falls, for appellants.

Messrs. Swanberg & Swanberg, Great Falls, for respondents.

Mr. Clarence W. Murch and Mr. Randall Swanberg argued orally.

MR. CHIEF JUSTICE ADAIR:

Appeal from a judgment of the district court of Chouteau County, Montana, sustaining the validity of a holographic will executed by one Elizabeth Gift, insofar as it affects real estate of testatrix situate in said county and state.

In her lifetime Elizabeth Gift was a resident of the state of Illinois and owned personal property and real estate there situate. She also owned a tract of land situate in Chouteau county, Montana.

Under date of March 7, 1940, she executed in Illinois, a duly attested formal will by the second paragraph whereof she gave and bequeathed "the sum of Twenty Thousand Dollars ($20,-000.00) to my good friend and faithful companion Katherine Clauson."

In the third paragraph of such will testatrix provided:

"Third. All the rest, residue and remainder of my property, real, personal and mixed and wherever situated, I give, devise and bequeath to Katherine Clauson, as Trustee, for the purpose of converting it into cash and making distribution thereof in

accordance with a memorandum of instructions prepared by me and delivered to her. I make division of the residue of my estate in this manner so that only Katherine Clauson and the distributee shall know of its disposition.

"I nominate and appoint Katherine Clauson as Executrix and Trustee of this my last Will and Testament and request that she not be required to furnish bond for the faithful performance of her duties as such."

Thereafter testatrix made and executed a writing bearing date of March 12, 1940, entirely written, dated and signed in her own handwriting, and, in part, providing:

"I bequeath to Katherine Clauson my faithful friend and companion my auto radio, seal skin jacket, Charlie's diamond ring, two red rugs in living room, and anything else you want, *also the residue of my estate after all bequests are taken care of * * ***". (Emphasis supplied.)

This holographic document then names some twenty-four persons to each of whom is separately bequeathed certain enumerated articles of personal property consisting largely of clothing, statuary, rugs, jewelry, cutlery, dishes, silverware and furniture and to three of the named legatees she bequeathed money in stated amounts aggregating $3,200.

The holographic instrument concludes: "The rest of the stuff take what you want and give the rest to any friends that would care for it. Elizabeth Gift. Mar 12— 1940".

Thereafter Elizabeth Gift delivered her formal will together with a sealed envelope containing holographic instrument to Katherine Clauson who, at the direction of testatrix, deposited the documents in a safety deposit box which Elizabeth Gift had in a bank in Peoria, Illinois.

On February 4, 1946, Elizabeth Gift, still a resident of Peoria, Illinois, died leaving her formal will and the holographic writing in her safety deposit box.

Thereafter both documents were submitted to the probate court in Illinois, wherein on May 10, 1946, the formal will was admitted to probate.

On May 26, 1947, the heirs of decedent brought a suit in the circuit court of Peoria county, Illinois, which court thereafter rendered its decree construing the will and confirming the prior decree of the probate court.

The circuit court, *inter alia*, found:

"The Court further finds that the said script instrument dated March 12, 1940 does not meet the description of the memorandum of instructions described in said Last. Will and Testament; that all of the elements necessary and requisite to incorporate said script instrument in said Last Will and Testament do not exist and said script instrument cannot be incorporated therein and that since said script instrument cannot be incorporated in said Last Will and Testament said *script instrument cannot be given any effect whatsoever*

\*     \*     \*     \*     \*     \*

"The Court further finds that it has no jurisdiction to adjudge whether said script instrument is admissible to probate in any foreign State and finds that the rights of the parties hereto with respect to the real estate owned by Elizabeth Gift at the time of her death and located outside the State of Illinois are governed by the laws of the situs of such real estate and no finding is made with respect thereto." (Emphasis supplied.)

The decree awarded to Katherine Clauson the sum of $20,000, as provided for in the second paragraph of the formal will, and all the balance of decedent's property in Illinois to the heirs of Elizabeth Gift. It also adjudged that the third paragraph of the formal will "is void and of no effect" and, that the "script instrument" bearing date of March 12, 1940, cannot be given any effect whatsoever.

On appeal to the Supreme Court of Illinois the decree of the circuit court was affirmed. See Wagner v. Clauson, 399 Ill. 403, 78 N. E. (2d) 203, 207, 3 A. L. R. (2d) 672.

In discussing the holographic instrument the Supreme Court of Illinois said: "To all intents and purposes it appears to be a separate unattested disposition of property by Mrs. Gift, disposing of approximately $3500 in money, land in Arkansas, and

some $85,000 of personal property in the form of bonds and corporate stock, and other securities. The memorandum instead of being of the nature described in the will is. apparently an effort to dispose of chattel property and land outside of Illinois, without the formalities required in a will. It is not the document referred to in the will, and there is no evidence in the case which discloses any other memorandum which would come within the description of that referred to in the third clause of the will, and consequently the memorandum produced is not a part of the will of Elizabeth Gift.''

If the script instrument was neither a part of the attested formal will nor the memorandum of instructions referred to in the third paragraph thereof, it necessarily follows that it is a holographic will made by testatrix after the execution of her formal attested will and clearly sufficient under the Montana statutes to effect a devise of her real estate situate in Montana when probated here.

On January 6, 1948, upon petition of A. V. Swanberg, the district court of Chouteau county, Montana, made an order appointing the petitioner Swanberg administrator with the will annexed of the estate of said Elizabeth Gift in Montana. On the same date the holographic writing of March 12, 1940, was filed in said court and thereafter admitted to probate.

The heirs of Elizabeth Gift filed a petition contesting the will and holographic instrument so admitted to probate. The petition sets forth a copy of the decree of the circuit court of Illinois which decree contained a copy of the formal will and also a copy of the holographic will of March 12, 1940. Following the denial of a demurrer to the petition an answer was filed to which the contestants filed a reply.

The cause, being at issue, was submitted to the district court of Chouteau county upon an agreed stipulation of facts which included, as exhibits, a copy of the formal will, a copy of the so-called ''script instrument'' of March 12, 1940, and a copy of the decree of the circuit court of Illinois.

The stipulation shows:

That Elizabeth Gift was a resident of Illinois at the time of her death and left both real and personal property in said state; that she also left 320 acres of land in Township 23, North of Range 9 East, in Chouteau county, Montana, of the probable value of $3,200 and no other property whatsoever in the state of Montana; that each of said contestants is a non-resident of Montana and that each is an heir at law of said Elizabeth Gift; that decedent left a duly attested formal last will and testament dated March 7, 1940, and that in addition thereto there was discovered among her papers, "a certain script instrument, or holograph, a true and correct copy of which, marked Exhibit 'B' which was entirely written, dated, signed in the handwriting of Elizabeth Gift, deceased"; that subsequent to her death said formal will was duly offered for probate in the probate court of Peoria county, Illinois; "but said holograph or script instrument was never offered for probate in said court; that under and by virtue of the statutes of the state of Illinois, respecting the making, execution and validity, of Last Wills and Testaments, holographic wills are not recognized as such"; that said last will and testament of Elizabeth Gift was duly and regularly admitted to probate in Peoria county, Illinois, and Katherine Clauson was appointed executrix thereof; that thereafter in proceedings had with reference to the construction to be placed upon said "attested last will and testament" a dercee was rendered by the circuit court in Peoria county, Illinois, declaring void the third paragraph of said attested last will and testament and otherwise admitting the will to probate.

The stipulation further recites:

"That said holographic or script instrument bears date the 12th day of March, 1940 and was in fact executed in the hand of said Elizabeth Gift on that date. That said attested last will and testament bears date the 7th day of March 1940 and was in fact executed by said Elizabeth on said date.

"That said holograph or script instrument, by virtue of the decree of the Circuit Court of Peoria County, Illinois, a copy of which is hereunto annexed, marked Exhibit 'C,' is not the

memorandum mentioned in Paragraph III of the attested Last Will and Testament;

"That the sole and only asset of said estate in Montana is said real estate referred to above; that the value of the estate in Illinois aggregates approximately $100,000 and is ample and sufficient to pay all debts of deceased, all costs of administration and said bequests to Katherine Clauson as provided in said attached last will and testament and that there are no charges, claims or debts of said decedent which might become a charge against the property in Montana, save the cost of probate and administration incurred within the State of Montana;

"That on January 6, 1948, pursuant to the petition of said A. V. Swanberg, he was duly appointed administrator of said estate."

The district court of Chouteau county, Montana, adopted the aforesaid stipulated statement of facts as its findings of fact herein and made conclusions of law as follows:

"I. That said holograph or script instrument is in all respects executed in accordance with the statutes of the state of Montana, made and provided with respect to the making and execution of holographic Last Wills and Testaments;

"II. That said holograph, being later in date than the said attested Last Will and Testament, is in fact the Last Will and Testament of the said Elizabeth Gift, deceased, and is admissible to probate in the state of Montana as the Last Will and Testament of the said decedent;

"III. That none of the courts of the State of Illinois have the authority to pass upon the validity of Last Wills and Testaments purporting to devise real property situated in the state of Montana, and none of the courts of the State of Illinois have in this case attempted to pass upon the validity of said holograph or script instrument in the State of Montana, and have in fact, expressly declined to pass upon said question.

"IV. That by virtue of the statutes of the State of Montana, in such cases made and provided, the laws of the State of Montana alone are to be looked to in order to determine the validity

of Last Wills and Tesatments governing the succession of real estate located within said state;

"V. That the action of the courts of the State of Illinois, declaring invalid the third paragraph of the attested Last Will and Testament of Elizabeth Gift, has no bearing upon the question of the validity in the State of Montana of the holographic Last Will and Testament hereinabove referred to."

The district Court of Chouteau county also adjudged: That the real estate situate in Montana is governed by the residual clause of the more recently executed holographic document which constitutes decedent's last will and testament; that such instrument is not so indefinite or uncertain as to bar the same from probate in Montana; that the contestants' petition herein be dismissed; that the executor with the will annexed be directed to proceed with the administration of the estate in accordance with the provisions of said holographic last will and testament of decedent and ordered that the administrator proceed with the administration of the estate in accordance with the trial court's findings of fact and conclusions of law. From such order and decree the contestants have appealed to this court.

Under the findings of the circuit court of Illinois which were affirmed by the supreme court of Illinois and the agreed statement of facts filed in the district court of Chouteau county, Montana, it is manifest that the holographic will was not and could not be probated in the state of Illinois. However, it stands admitted that such "script instrument" is one, entirely in the handwriting of the decedent, dated and signed by her, bequeathing certain articles of personal property to Katherine Clauson and *"also the residue of my estate* after all bequests are taken care of."

The word "bequeath" is sufficient to include real estate when ▉ used as it was in this holographic will. R. C. M. 1947, secs. 91-211 and 91-212. In re Gracey's Estate, 200 Cal. 482, 253 Pac. 921, 925; In re McGovern's Estate, 77 Mont. 182, 200, 250 Pac. 812, 817; In re Benolken's Estate, 122 Mont. 425, 437, 205 Pac. (2d) 1141.

R. C. M. 1947, section 91-108, defines a holographic will thus: ██ "A holographic will is one that is entirely written, dated, and signed by the hand of the testator himself. It is subject to no other form, and may be made in or out of this state, and need not be witnessed."

The so-called "script instrument" meets all the requirements ██ for a holographic will under the statutes of this state and upon probate is sufficient to transfer to Katherine Clauson the real estate of decedent situate in Montana. In re Irvine's Estate, 114 Mont. 577, 139 Pac. (2d) 489, 147 A. L. R. 882; In re Bernheim's Estate, 82 Mont. 198, 266 Pac. 378, 57 A. L. R. 1169; Mitchell v. Donohue, 100 Cal. 202, 34 Pac. 614, 38 Am. St. Rep. 279; Estate of Beffa, 54 Cal. App. 186, 201 Pac. 616; In re Miller's Estate, 128 Cal. App. 176, 17 Pac. (2d) 181; 57 Am. Jur., "Wills", secs. 633, 649 and 651, pp. 432, 440 and 442.

Except as otherwise provided, the validity and interpretation ██ of wills are governed, when relating to real property within this state, by the law of this state. R. C. M. 1947, sec. 91-319. This section of the Code as well as sections 91-115 and 91-1003 (formerly secs. 1838, 1731, Civ. Code 1895, and 2352, Code of Civil Procedure of 1895) were construed in the case of State ex rel. Ruef v. District Court, 34 Mont. 96, 85 Pac. 866, 6 L. R. A., N. S., 617, 115 Am. St. Rep. 510, cited by appellants but in the instant case it stands admitted that the holographic will here involved was not probated in Illinois and that the courts of that state declined to pass upon the title of real estate located outside the state of Illinois, which facts clearly distinguish the case at bar from State ex rel. Ruef v. District Court, supra; In re Coppock's Estate, 72 Mont. 431, 234 Pac. 258, 39 A. L. R. 1152, and other authorities cited by appellants.

The order and decree of the district court of Chouteau county ██ are in accord with the rules of construction applied in: In re Brandow's Estate, 59 S. D. 364, 240 N. W. 323; In re Gracey's Estate, supra, and Trotter v. Van Pelt, 144 Fla. 517,

104

198 So. 215, 131 A. L. R. 1018. See also, In re McNair's Estate, 72 S. D. 604, 38 N. W. (2d) .449, citing and quoting with approval from In re Brandow's Estate, supra.

The decree and order are affirmed.

MR. JUSTICES METCALF, BOTTOMLY, FREEBOURN and ANGSTMAN, concur.