JOSEPH FRENCH, *et als.*, appellants, *vs.* COUNTY COMMISSIONERS.

*Appeals—how made.*

Upon appeals from the county commissioners to the supreme judicial court, the committee contemplated in the statute must be appointed during the term in which such appeal is entered. The only contingencies in which a subsequent appointment can be made are those provided for in the statute, viz: Where one of the committee dies, refuses to act, or becomes interested. These do not embrace a case where, for any cause, the presiding judge fails to make an appointment at the first term.

The appeal being given by the statute must be pursued in conformity with its limitations and restrictions.

If no committee is appointed at the first term, the appeal is liable to be dismissed on motion of the respondent at any subsequent term.

ON EXCEPTIONS.

APPEAL from the decision of the county commissioners refusing to discontinue a certain way in Oxford, established by them, known as "the Hackett road." The petition for its discontinuance was filed with the commissioners on the twenty-third day of February, 1874, while a motion for the appointment of an agent to build it was pending before the board. A hearing was had on the nineteenth day of May, 1874, and upon the tenth day of June following the appellant's counsel was notified that the commissioners had decided not to discontinue the road, but would appoint an agent to open it. An adjourned session of the May term of the court of county commissioners was held the next day (June 11, 1874,) at which the appellants appeared and filed a notice of an appeal. The county commissioners hold but two terms of court in each year in Oxford county ; on the second Tuesday of May, and the first Tuesday of September annually. At the term of the supreme judicial court holden at Paris, for Oxford county, on- the third Tuesday of September, 1874, being its next session after said proceedings of June 10 and 11, 1874, were had—the appellants entered this appeal and moved for a committee. The respondents claimed that the return of the county commissioners had not been placed on file when the appeal was claimed and that it was therefore premature and the notice defective, and moved to dismiss the appeal. Without acting upon either motion the presiding justice directed a continuance of the case without its being requested by either party. At the ensuing December term the case was further continued to the March term, 1875, when both parties called up their respective motions and renewed them. The justice holding that term ruled that the appeal must be dismissed, and the appellants excepted.

*John J. Perry* for the appellants.

The county commissioners inform us explicitly that they "decide" not to discontinue the road. This was a declaration of a present determination of the matter and not an intimation of a purpose

to be subsequently executed. *Russell* v. *County Commissioners*, 51 Maine, 384. No notice of appeal is required by statute. All that is necessary is to enter it at the next term of the supreme court. R. S., c. 18, § 37.

The expression "not afterwards" in the statute, § 38, refers to the entry of the appeal and not to the appointment of the committee; and so the judge understood when he ordered it to be continued.

*Alvah Black* for the respondents.

The law, R. S., c. 18, § 5, was sufficient to inform the petitioners and their counsel that the return of the county commissioners could not be placed on file till their next September term; and that an appeal taken June 11 was premature.

The case of *Friend*, appellant, v. *County Commissioners of Penobscot County*, 56 Maine, 262, is conclusive that this appeal was rightly dismissed by reason of the failure to appoint a committee at the September term, 1874, when it was entered.

BARROWS, J. The true intent and construction of statutes which have been revised and condensed may often be best ascertained by an examination of the original enactment.

Especially, in the revision of 1857, the principal, object being "to revise, collate and arrange all the public laws of the state, and, in revising, to condense as far as practicable"—a mere change of phraseology is not to be deemed a change of the law unless there was an evident intention in the legislature to work a change. *Hughes* v. *Farrar*, 45 Maine, 72.

The design of the legislature to secure a speedy determination of these appeals is perhaps more readily apparent, but hardly more certain, in the original statute than in the subsequent revisions. Public Laws of 1847, c. 28, by which these appeals were first granted, provides in § 1, that "any person or corporation aggrieved" in these cases may appeal "under the limitations and restrictions contained in this act;" in § 2, (among other things,) for the appearance of parties interested before the commissioners,

"either jointly or severally;" for an appeal to be taken by any party so appearing after the decision of the commissioners is entered on record, and before the term of court "then next to be holden in said county, and not afterwards;" for the entry of such appeal at that term, "and not afterwards;" in § 3, that "it shall be lawful for the court in such county, at the term when such appeal shall be entered as aforesaid, and not afterwards, to appoint a special committee," &c.

In the R. S., of 1857, c. 18, §§ 34 and 35, we find this triple repetition of the phrase "and not afterwards" avoided, and all these provisions together with those of chapter 152, laws of 1857, (authorizing a new appointment if one of the committee dies, refuses to act, or becomes interested,) greatly condensed, but without essential change. Their purport and effect remain the same. The construction of this revision was the vital point in *Friend*, appellant, v. *County Commissioners, &c.*, 56 Maine, 262, and the court there held that it is for the appellant to see to it that a competent committee is appointed at the term when the appeal is entered. This was the ground of the decision, and not a *dictum* of the judge who drew the opinion, as the counsel for the appellants here claims. In that case the judge at *nisi prius* had appointed a new committee, viewing it as a matter addressed to his discretion, and the question directly before the court was whether it was lawful for him to make such appointment after the first term in any case except those expressly provided for in the statute where some member of the committee dies, refuses to act, or becomes interested; and it was held that it was not lawful. Had it been competent for him to make the appointment, his right to exercise his discretion could not have been questioned on exceptions.

This decision settled the construction of the statutes of 1857 on this point. When a statute has received a judicial construction, and is afterwards re-enacted in the same terms, it is to be understood that the legislature have adopted the construction given it. *Myrick* v. *Hasey*, 27 Maine, 9 ; *Osgood* v. *Holyoke*, 48 Maine, 414 ; *Rutland* v. *Mendon*, 1 Pick., 154.

Sections thirty-seven and thirty-eight of chapter eighteen in the revision of 1871, are exact transcripts of §§ 34 and 35 of chapter 18 of the R. S., of 1857, with a marginal reference to the case above cited, among others.

The words "not afterwards" have relation to the time and term when the court may appoint a committee. It is at the term when the appeal is entered, and not afterwards—exactly as originally provided with triple emphasis in chapter 28 of the Public Laws of 1847.

The legislature have not seen fit to make the prompt decision of these appeals in any manner dependant upon the caprice, carelessness, or procrastinating disposition of the parties or their counsel.

Neither have they made provision for a case where, for any cause, the presiding judge fails to appoint a committee at the term when the appeal is entered. The mandate of the statute is peremptory, and the only contingencies provided for are those therein named. It is not for us to add to them. The remedy, being given by the statute must be pursued "under the limitations and restrictions contained in the act." The appellants' counsel should have called the attention of the court to the case in season to have the motions acted on at the first term. He not only failed to do this, but allowed the second term to pass without action of any sort.

The appeal was rightfully dismissed, for the time had gone by when it was possible to prosecute it with effect.

It is not necessary in this case to determine whether the claim of appeal was radically defective or premature.

*Exceptions overruled.*

APPLETON, C. J., WALTON, DANFORTH, VIRGIN and PETERS, JJ., concurred.