<hr />

FRED S. MERRILL *vs.* CHARLES CROSSMAN, administrator.

Cumberland.   Decided September 15, 1878.

*Statutes,—construction of.   Jurisdiction.   Appeal.   Abatement.*

All the existing statute provisions upon·a particular topic should be examined to ascertain the meaning of each; and a meaning which is found to be incompatible with any plain provision must be rejected.

The action for money had and received, commenced by one claiming to be a creditor of an insolvent estate under administration, in pursuance of the provisions of R. S., c. 66, § 11, cannot be regarded as a probate appeal cognizable by the supreme judicial court as the supreme court of probate without regard to the amount involved; this construction being inconsistent with the provision in § 14 for the commencement of such actions before justices of the peace, who have no appellate jurisdiction from the probate court.

Section 11 simply authorizes the parties concerned, in case of dissatisfaction with the decision of the commissioners of insolvency appointed by the probate court, under certain provisions and restrictions, to transfer the question between the claimant and the estate from the probate court to any court, proceeding according to the course of the common law which may have jurisdiction of the parties and the case, for decision.

Where an action of this description is commenced under said § 11 in Cumberland county, and, by reason of the amount claimed, it falls within the exclusive original jurisdiction of the superior court for that county, it must be brought in that court, and if brought in the supreme judicial court, it is abatable.

ON EXCEPTIONS.

ASSUMPSIT, for money had and received, $156.00, commenced under R. S., c. 66, § 13, under an appeal by the plaintiff from the decision of the commissioners appointed by the judge of probate for the county of Cumberland, to receive and decide upon claims against the estate of M. C. Merrill, late of Brunswick, in said county, represented insolvent, and to determine the plaintiff's claim against said estate.

The defendant seasonably pleaded in abatement to the plaintiff's writ. The presiding justice sustained the plea in abatement and ordered judgment for the defendant; and the plaintiff alleged exceptions.

*L. H. Hutchinson, A. R. Savage & F. D. Hale,* for the plaintiff.

I. This is an appellate proceeding in a probate matter. R. S. of 1871, c. 66, §§ 11, 12, 13, 15.

II. The superior court of Cumberland county has no jurisdiction in appellate proceedings in probate matters. Acts and Resolves of 1868, c. 151, § 5.

III. The supreme judicial court has jurisdiction. R. S., c. 63, § 21, and c. 66, §§ 12, 13.

*H. Orr,* for the defendant.

BARROWS, J. The plaintiff insists that this action for money had and received is to be regarded as substantially a probate appeal, and so cognizable by the supreme judicial court, which is the supreme court of probate under R. S., c. 63, § 21; and not by the superior court for Cumberland county, which has in that county exclusive original jurisdiction of "all civil actions at law, not exclusively cognizable by municipal courts and trial justices, where the damages demanded do not exceed five hundred dollars," with certain exceptions which do not touch this case.

If his position is correct, it would follow that all actions commenced against the administrators of insolvent estates, in pursuance of the provisions of §§ 11, 12, 13, of R. S., c. 66, must be commenced in the supreme judicial court, however trifling the amount involved. Such a result, with its burdensome conse-

quences as to costs, is to be avoided, unless the statute provisions construed together clearly require it. All existing statute provisions upon a particular topic are to be examined together to ascertain the intent of each; and a meaning which is found to be incompatible with any plain provision must be rejected. Now R. S., c. 66, § 14, distinctly provides for the commencement of actions of this particular description before justices of the peace. Such magistrates have no jurisdiction of probate appeals.

The true solution of the matter is that this statute action given to one who claims to be a creditor of an insolvent estate, where the commissioners of insolvency decide against him, or where the administrator, an heir at law, or another creditor, gives notice at the probate office of an appeal from a decision of such commissioners in his favor, is not to be regarded as a probate appeal. In cases of dissatisfaction with the decision of the commissioners of insolvency appointed by the probate court, under certain statute provisions and restrictions, the question between the claimant and the estate is transferred from the probate court to a common law court having jurisdiction of the parties and case for decision.

The language of § 25, c. 51, laws of 1821, is this: " Provided that, notwithstanding the report of any commissioners, any creditor whose claim is wholly or in part rejected may have the same determined at the common law, in case he shall give notice thereof in writing at the probate office within twenty days after such report shall be made, and bring and prosecute his action as soon as may be." Like provision is made in the same section, where the executor or administrator is dissatisfied with the allowance of any claim by the commissioners. Subsequent provisions touching the form of the action and the precise time within which it may be commenced, and giving power to the supreme court to permit it to be brought under certain limitations in cases where the claimant has by accident or mistake failed to give his notice or commence his action seasonably, do not affect the jurisdiction, except so far as this is done by their express terms. Nor is it affected by the introduction of the word " appeal," which has come about in the condensation of the statutes of 1821, c. 51, § 25. It is not, properly speaking, an appeal from any decree of

the probate court; but a statute permission to settle the question of indebtment in the common law courts proper to try it—by the verdict of a jury if either party demands it—and not according to the course of proceedings in probate appeals which are regulated by R. S., c. 63, §§ 21—26. Plaintiff's counsel ingeniously argues that, if this action be abated, and the plaintiff obtains leave from the supreme judicial court, under R. S., c. 66, § 12, "to commence a suit at the next term of the court in the county where administration was granted," the action would be just where it is now. If it be conceded that the expression quoted can refer only to the court which grants leave to commence the suit, the suggestion is as plausible as an argument *ab inconvenienti* well can be; but the difficulty is that the present action is not one which is commenced by leave of court, and therefore necessarily restricted by the terms of the statute to the county where administration was granted; but it is one which the plaintiff had a legal right to commence, observing the statute regulations, in any common law court having jurisdiction of the parties and the case. We must not give a construction which would wrongfully restrict all other creditors thus situated, merely because our decision in the present case may not put an end to the litigation or settle the main controversy between these parties, and may, perhaps, determine nothing between them but a liability to a bill of cost. The contingency supposed in argument must be taken care of when it arises.

Should the court be satisfied, upon notice to the administrator and a hearing, that the plaintiff had a meritorious claim which the commissioners disallowed, and grant leave to commence a suit under the provisions of § 12, it may become necessary to determine what is signified by "the next term of the court" mentioned in that section, in a county where there is another court, proceeding according to the course of the common law which has by statute exclusive jurisdiction of a case of this amount. We need not now inquire.

*Exceptions overruled.*

APPLETON, C. J., WALTON, VIRGIN and LIBBEY, JJ., concurred.