EUGENE F. COLLINS *vs.* COLUMBUS CHASE, and KENNEBEC LOG DRIVING COMPANY, as Trustees.

Somerset. Opinion November 19, 1880.

*Insolvent act. Attachments. Trustee process. Exemption of twenty dollars. Second service upon trustee.*

Proceedings under § 59 of the insolvent act of 1878, (in the cases of persons whose debts do not exceed $300,) do not dissolve attachments. Such assignments only as are provided for in § 30 will have that effect.

Statute provisions, unless absolutely conflicting, should be construed so as to make them operate harmoniously as a whole, giving each its appropriate effect, not using one section to evade or abrogate another.

The provision in R. S., c. 86, § 6, authorizing a further service upon trustees, may have its full and fair effect without applying it to cases in which the garnishee's indebtment would have been securely held by the first service, had it not been specially exempted from attachment by another section of the same statute; thus, a creditor who has procured the detention of a laborer's wages in the hands of his employer, by the first service of a trustee process, cannot, by making a second service after the lapse of a month, deprive the laborer of the exemption of some portion of his wages, granted in c. 86, § 55.

ON EXCEPTIONS.

By the disclosure of the trustees it appeared that they were indebted to the defendant for his personal labor in April and May, (ending May 14th,) 1878, in the sum of $60. His wages were $2 per day, and $6 had been paid. The writ was served upon the trustees May 11, 1878, and a second service was made June 21, 1878. Other material facts appear in the opinion.

*D. D. Stewart* and *B. S. Collins*, for the plaintiff.

*A. G. Emery*, for the defendant.

BARROWS, J. The exceptions state that the presiding judge ruled that the insolvency of the defendant (declared upon his petition filed within four months after the service upon the trustee), dissolved the attachment, notwithstanding the admitted facts that the debts of the petitioner were less than $300, and the proceedings were under § 59 of the insolvent law; and also that the trustees should stand charged for $40 less costs. The plaintiff tenders exceptions to both rulings; to the latter on the ground that it gave the defendant the benefit of the $20 deduction allowed in cases coming under the sixth specification in § 55, c. 86, R. S. There is no certificate of the allowance of the exceptions; but the case is signed by the presiding judge. The inconsistency of the two rulings shows that there was a misunderstanding between the judge and counsel as to the form in which the case should be presented here; counsel supposing that there was a *pro forma* ruling, and the judge, that the case was to go forward on his report. The judge's signature shows his intention that the questions should be saved for this court. The form is of no importance, and as the docket shows the entry of "Law on exceptions," we will consider the case as if exceptions had been certified as allowed.

The exception to the first *pro forma* ruling must be sustained.

We hold that proceedings under § 59 of the insolvent act of 1878, in the cases of persons whose debts do not exceed $300, do not dissolve attachments. Such assignments only as are provided for in § 30 will have that effect.

The second exception presents the question, whether a creditor who has procured the detention of a laborer's wages in the hands

of his employer by the first service of a trustee process, can, by making a second service under R. S., c. 86, § 6 after the lapse of a month, deprive the laborer of the exemption of an amount not exceeding twenty dollars, out of the wages due him for his personal labor for a time not exceeding one month next preceding the first service.

We think he can not.

Statute provisions, unless absolutely conflicting, are to be construed so as to make them operate harmoniously as a whole, giving each its appropriate effect — not using one section to evade or abrogate another. The provision authorizing further service upon trustees may have its full and fair effect without applying it to cases in which the garnishee's indebtment would have been securely held by the first service had it not been specially exempted by another section of the same statute. We are not willing to hold that a creditor, whose demand though otherwise valid is not for necessaries furnished the debtor or his family, may take away the small sum which the legislature has granted to the laborer's necessities, by manipulations of legal process under another section designed to accomplish other and legitimate ends. We think on the contrary that what would have been lawfully attached under the first service on the trustee, had it not been specially exempted by statute from attachment, ought not to be held under a further service, merely because it was detained in the garnishee's hands by means of the first.

The trustee was rightly charged for $40, out of which he may retain his taxable costs.

*First exception sustained. Second exception*
*overruled. Trustee charged for $40,*
*less his costs.*

APPLETON, C. J., DANFORTH, VIRGIN, LIBBEY and SYMONDS, JJ., concurred.