ALICE LYON *vs.* THOMAS L. OGDEN, and others.

Hancock. Opinion April 3, 1893.

*Foreign Will. Witnesses. Real Property. R. S., c. 64, § § 12–15; c. 65, § 36; Stat. 1874, c. 169.*

Real property, situate in this State, passes by a will made with two witnesses in a foreign state, where but two subscribing witnesses are required; or, if first proved and allowed in another state according to the laws thereof, is legally allowed and recorded in this State.

Section 36, R. S., c. 65, is repugnant to § § 12-15, c. 64, R. S.; and the latter provisions, being the embodiment of more recent enactments, must control.

ON REPORT.

This was a real action brought to recover certain land in Eden, Hancock county, and which the plaintiff claimed as one of the children and heirs-at-law of Samuel E. Lyon, late of New York city, deceased, or as her distributive part of the land as if her father had died intestate.

Said Lyon left a will executed in accordance with the laws of New York and which was duly proved and allowed in the

proper court of that State, where he lived and died; and which was also proved and allowed in this State, by copy, as provided in R. S., c. 64, § 13.

The defendants are trustees and executors, having duly qualified as required by law, and claimed title as such to the demanded premises.

There were but two subscribing witnesses to the will.

The plaintiff denied the validity of this will to pass title to real estate in the State of Maine, on the ground that it is not executed in conformity with the laws of this State relating to wills; and claimed that the real estate of Samuel E. Lyon within the State of Maine should be distributed amongst his heirs-at-law in accordance with the statutes of descent and distribution of this State, precisely as it would have been distributed had he died intestate.

The statutes which came up for construction by the court are as follows:

Revised Statutes, chapter 64, § § 12, 13, 14, 15 : —

"Sec. 12. Any will executed in another state or country, according to the laws thereof, may be presented for probate in this State, in the county where the testator resided at the time of his death, and may be proved and allowed, and the estate of the testator settled, as in case of wills executed in this State.

"Sec. 13. A will proved and allowed in another state or country, according to the laws thereof, may be allowed and recorded in this State in the manner and for the purposes hereinafter mentioned. A copy of the will and the probate thereof, duly authenticated, shall be produced by the executor, or by any person interested, to the judge of probate in any county in which there is estate, real or personal, on which the will can operate; whereupon the judge shall assign a time and place for hearing, and cause public notice thereof to be given, the first publication to be thirty days at least before the time so assigned. After such hearing, if the judge considers that the instrument should be allowed in this State as the will of the deceased, he shall order the copy to be filed and recorded.

"Sec. 14. Such will shall then have the same force as if it had

been originally proved and allowed in the same court in the usual manner; but nothing herein shall give any operation and effect to the will of an alien different from what it would have had, if originally proved and allowed in this State.

"Sec. 15.   After allowing and recording any will as aforesaid, the judge of probate may grant letters testamentary, or of administration with the will annexed thereon, and proceed in the settlement of the estate found in this State, in the manner provided by its laws with respect to the estates of persons who were inhabitants of any other state or country; and the letters thus granted shall extend to all the estate of the deceased within this State, and exclude the jurisdiction of the probate court in every other county.   Such administration may be granted in any county in which lands of the testator, subject to the operation of his will, remain undisposed of for more than twenty years from his decease."

Revised Statutes, chapter 65, § 36 :—

"When administration is taken in this State on the estate of any person, who, at the time of his death, was not an inhabitant thereof, his estate found here, after payment of his debts, shall be disposed of according to his last will, duly executed according to the laws of this State, if he left any; but if not, his real estate shall descend according to the laws of this State; and his personal estate shall be distributed according to the laws of the state or country of which he was an inhabitant; and the judge of probate, as he thinks best, may distribute the residue of said personal estate as aforesaid, or transmit it to the foreign executor or administrator, if any, to be distributed according to the law of the place where the deceased had his domicile."

*Deasy and Higgins,* for plaintiff.

Probate Courts must show jurisdiction or their proceedings are void.   *Overseers of Fairfield* v. *Gullifer,* 49 Maine, 360; *Smith* v. *Rice,* 11 Mass. 506; *Wales* v. *Willard,* 2 Mass. 120; R. S., c. 65, § 36.

In the absence of statutory provisions on the subject, the probate of a will does not affect the question of the application of the will to

real estate, unless the will was executed and recorded according
to the requirements of the law of the State where the real estate
is situated. Freeman on Judgments, § 608 ; Wharton's Conflict
of Laws, § 645 ; Story's Conflict of Laws, § 474 ; *Bowen* v.
*Johnson*, 5 R. I. (S. C. 73 Am. Dec. 56, note) ; R. S., c. 65, §
36, not repealed by c. 64, § § 12-15. *Pratt* v. *R. R.* 42
Maine, 587 ; *Haynes* v. *Jenks*, 2 Pick. 176 ; *Crofton* v. *Ills-
ley*, 4 Maine, 134 ; 1 Jar. Wills, pp. 6, 7, Am. Ed. Probate of
Lyon's will in Maine was a qualified probate. *Holman* v. *Perry*,
4 Met. 492.

*Hale and Hamlin*, for defendants.

The tendency of modern legislation is to remove the harsh
restrictions imposed by our earlier laws upon non-residents
who attempted to dispose of their real estate here by will. Rule
of interpretation : *Winslow* v. *Kimball*, 25 Maine, 493.

The result intended by the act of 1874, is a just result and
wipes out a narrow and inhospitable discrimination against
non-residents. It harmonizes our statutes with the broad prin-
ciples of international law. They now permit a resident of this
State who may be in a foreign country, where he cannot get
the advice of those aquainted with the Maine law, to make his
will in accordance with the law of the country where he is ; and
they recognize the law of domicile with reference to a non-resi-
dent to the full extent, by allowing him to dispose of all his
property, real or personal, in accordance with the law of domi-
cile, so far as formalities are concerned, it first being shown by
the action of the court of domicile that his will complies with
that law. 1 Woerner Am. Law of Adm. § 226, *et seq*.

Reading R. S., c. 65, § 36, as modified by the act of 1874,
it means "duly executed according to the laws of this state," or
"duly executed, proved and allowed according to the law of
domicile and then duly proved and allowed here," precisely as
the words in the same section "distributed according to the law
of the place of domicile" would necessarily be construed so broad-
ly as to compel distribution according to a will valid under the
law of the domicile, even although not in the form according to
our statutes. A thing within the intention, is as much within

the statute, as if it were within the letter, and a thing within the letter is not within the statute, if contrary to the intention of it. *Holmes* v. *Paris*, 75 Maine, 559, and cases there cited; *Allen* v. *Young*, 76 Maine, 80. A subsequent statute generally will control the provisions of former statutes which are repugnant to it, according to its strict letter. *Pease* v. *Whitney*, 5 Mass. 382; *Pratt* v. *R. R. Co.* 42 Maine, 579.

Adjudication of Maine Probate Court conclusive. *Dublin* v. *Chadbourn*, 16 Mass. 433; *Parker* v. *Parker*, 11 Cush. 519; *Patten* v. *Tallman*, 27 Maine, 17; *Waters* v. *Stickney*, 12 Allen, 1; 1 Woerner Am. Law Adm. § 227; *Schultz* v. *Schultz*, 10 Gratt. 358; S. C. 60 Am. Dec. 335, and cases.

WALTON, J. The question is whether real property situated in this State can be effectually disposed of by a will having but two subscribing witnesses. The answer depends upon where the will is made. If made in this State, it will not. Our law requires at least three subscribing witnesses. But if made in another state or country, where but two subscribing witnesses are required, or, if first proved and allowed in another state or country according to the laws thereof, and then legally allowed and recorded in this State, as it may be, it will.

This conclusion is seemingly in conflict with section 36, chapter 65, of the Revised Statutes of 1883. But the words in this section, "duly executed according to the laws of this state," were, in the opinion of the court, rendered inoperative by the act of 1874, chapter 169, and should have been omitted in the revision of 1883. Their retention was probably the result of an oversight. They are repugnant to sections 12, 13, 14, and 15, chapter 64, of the Revised Statutes of 1883, and the latter provisions being the embodiment of more recent enactments, must control.

This conclusion entitles the defendants to judgment.

*Judgment for defendants.*

PETERS, C. J., LIBBEY, FOSTER and HASKELL, JJ., concurred.