INHABITANTS OF ST. GEORGE

*vs.*

CITY OF ROCKLAND.

Knox.    Opinion March 21, 1896.

*Pauper. Minor. Revision of Statutes. R. S. c., 24, § 1, cl. 2 & 3; Stat. 1821, c. 122; Mass. Stat. 1793, c. 34.*

A legitimate minor child, whose deceased father had no pauper settlement in this State, instantly acquires the new settlement of the mother gained by her subsequent marriage.

The desire for greater conciseness or simplicity of language will usually account for changes or ommission of words in the revision of general statutes. *Held;* that a change of language in such revisions does not necessarily, nor even presumptively, indicate a change of legislative will.

AGREED STATEMENT.

This was an action to recover for pauper supplies furnished Edith Wardwell, and was reported to the law court upon an agreed statement of facts.

The regularity of the furnishing of the supplies was admitted. Due notices and denials were given and made. The only question in controversy was the settlement of the pauper, depending upon the following facts: —

Edith Wardwell was born January 29, 1890, and is the daughter of George W. Wardwell and Annie (Allen) Wardwell. The parents were married January 3, 1883. George W. Wardwell never had any pauper settlement in the State of Maine. At the time of the birth of Edith Wardwell, the pauper settlement of the mother, Annie Wardwell, was in the town of St. George, and so remained until her subsequent marriage. George W. Wardwell died in the fall of 1893.

Annie Wardwell married Isaac T. Pettee, February 1, 1894. The pauper settlement of Isaac T. Pettee at the time of said marriage was, and ever since has been, in the city of Rockland.

The parties agreed that if the pauper settlement of Edith Wardwell was in the city of Rockland the case was to stand for the assessment of damages, otherwise the plaintiff to be nonsuit.

*C. E. and A. S. Littlefield,* for plaintiff.

*W. R. Prescott,* City Solicitor, for defendant.

SITTING: PETERS, C. J., WALTON, EMERY, HASKELL, WISWELL, STROUT, JJ.

EMERY, J. The minor pauper in this case, at the time of her birth, had a pauper settlement in St. George because her mother's settlement was there, her father having none in this State. (R. S. c. 24, § 1, cl. 2.) After her father's death, her mother married one Pettee whose pauper settlement was in Rockland. By this second

marriage the pauper settlement of the mother was at once changed from St. George to Rockland, the town of her new husband. (Ibid). Did that marriage also change the pauper settlement of her minor daughter (a legitimate child) from St. George to Rockland?

This question was expressly decided in the affirmative in *Parsonsfield* v. *Kennebunkport,* 4 Maine, 47 ; and that case is clearly decisive of this, unless there has been since then an effectual change in the statute fixing the pauper settlement of legitimate minor children. The decision in the case cited was based on the Massachusetts statute of 1793, c. 34, (re-enacted in this State in the Act of 1821, c. 122,) which declared that "legitimate children shall follow and have the settlement of their father if he has any in this State; but if he shall have none, they shall in like manner follow and have the settlement of their mother." The words "shall follow and have" were continued in the statute down past the revision of 1841. In the revision of 1857 the clause is condensed so as to read as follows : "Legitimate children have the settlement of their father if he have any in the State; if he has not, they have the settlement of their mother within it." The language is the same in the revision of 1883 now in force. The word "follow" is omitted.

A change of language in the revision of general statutes does not necessarily, nor even presumptively, indicate a change of legislative will. The desire for greater conciseness or simplicity of language, will usually account for the change or omission of words. In this case there was no occasion for a change in the. law. It kept poor minor children with their mother. It had remained unamended for a generation. The condensation of the clause into more terse language does not indicate an intent to make such a radical change in the law itself as the defendant contends for.

If the statute had been first enacted in its present form it would have borne the same construction. A comparison of this clause with the next succeeding clause will make this plain. In that clause, (cl. 3, § 1, of the Pauper Act) it is declared that "illegitimate children have the settlement of their mother at the time of their birth." The words "at the time of their birth" were evi-

dently inserted to prevent illegitimate children deriving any new or other settlement from their mother's change of settlement. The omission of these words in the next preceding clause (cl. 2) concerning legitimate children indicates a different legislative will as to them,—a will that they shall have and continue to have the settlement of their mother, wherever that may be.

*Defendant defaulted.*