JOHN N. MARTIN *vs.* FREDERICK BRYANT.

Somerset.    Opinion June 24, 1911.

*Attachment.    Nominal Attachment.    Service.   Non-residents.    Jurisdiction.    Statutory Construction.    U. S. Constitution XIV Amendment, section 1.    Statute, 1821, chapter 59.    Revised Statutes, 1840, chapter 114, section 27 ; 1857, chapter 81, sections 17, 18 ; 1871, chapter 81, section 19 ; 1903, chapter 83, section 21.*

The return of an "attachment of a chip" is a legal fiction; it represents a nominal and not an actual attachment of property.

Jurisdiction is acquired over a non-resident defendant's property only when it is both found in the State and attached.

Jurisdiction of the person of a non-resident is acquired only by service of process upon him within the jurisdiction of the court, or by his submission to its jurisdiction.

Revised Statutes, chapter 83, section 21, authorizing attachment against a non-resident defendant by service on his tenant, agent, or attorney, does not authorize such service unless property is attached.

Where the service of a writ of attachment against a non-resident defendant was made upon his attorney in the State and no property of the defendant within the State was attached and no personal service of the writ was made upon the defendant, *held* that the action must be dismissed for want of jurisdiction.

A change in phraseology in the re-enactment of a statute in a general revision does not change its effect unless there is an evident legislative intention to work such change.

On exceptions by defendant.    Sustained.

Assumpsit on account annexed to recover from the defendant, a non-resident, the sum of $117.00 for a casket, oak box, embalming, etc., and interest on the same.    The defendant appeared specially and filed the following motion:    "And now the said Frederick Bryant, party defendant in the above entitled cause, appearing specially and solely for the purpose of objecting to the jurisdiction of this court, moves the court to dismiss the above entitled action for want of jurisdiction over the defendant's person, because he says it appears by the plaintiff's writ and officer's return thereon that the

said Frederick Bryant is the sole defendant in said action and that he is not a citizen of the State of Maine, but is a non-resident, to wit, a resident of Worcester in the county of Worcester and State of Massachusetts, and it does not appear by the said writ and officer's return or record of said cause that the said defendant has ever been found and served with process within the limits of the State of Maine, or that any property belonging to the said defendant has been found or attached within said limits of the State of Maine." The motion was overruled and the defendant excepted.

The case is stated in the opinion.

*H. H. Thurlow,* for plaintiff.

*Manson & Coolidge,* for defendant.

SITTING : EMERY, C. J., SPEAR, CORNISH, KING, BIRD, HALEY, JJ.

KING, J. On the second day of the return term of this action the defendant appeared specially and filed a motion to dismiss for want of jurisdiction. The case comes up on exceptions to the overruling of that motion. It is an action of assumpsit on an account annexed against a non-resident, and the officer's return is that he "attached a chip as the property of the within named defendant and summoned him to appear as within commanded by leaving a summons with Manson & Coolidge, Attorneys for the within named defendant."

The return of an attachment of a chip is a legal fiction ; it represents a nominal and not an actual attachment of property. *Swift* v. *Hawkens,* 103 Maine, 371, 374; *Middlesex Bank* v. *Butman,* 29 Maine, 19 ; *Carleton* v. *Ins. Co.,* 35 N. H. 162.

The court acquires jurisdiction over the property of a non-resident when it is found within the State and attached. Both must concur. The jurisdiction over property is acquired by the attachment of the property, and only to the extent of the attachment. *Eastman* v. *Wadleigh,* 65 Maine, page 254. In this case the court had no jurisdiction over property of the defendant, for none was attached.

Jurisdiction of the person of a non-resident is acquired only by service of process upon him within the jurisdiction of the court, or

by his submission to its jurisdiction. But this defendant was not personally served with process, neither has he submitted to the jurisdiction of the court.

The plaintiff however contends that the court has jurisdiction over the person of the defendant by virtue of the service of the writ upon his attorneys in this State. He relies upon the provisions of sec. 21, c. 83, R. S., which reads: "If any defendant is not an inhabitant of the State, the writ may be served on him by leaving a summons or copy, as the case may be, with his tenant, agent or attorney in the State, fourteen days before the sitting of the court; and if his goods or estate are attached, and he has no such tenant, agent or attorney, after entry, the court in the county where the process is returnable, or before entry, the court in any county, may order notice to the defendant, or a justice thereof in vacation may make such order signed by him on the back of the process; and if it is complied with and proved, he shall answer to the suit." The plaintiff contends that the first clause of the statute quoted authorizes the service of any writ against a non-resident to be made upon his tenant, agent or attorney in the State, whether property is attached thereon or not, and when so made the court acquires jurisdiction over the person of the defendant. This contention we think is not maintainable.

The statutory provisions for service of a writ against a non-resident upon his tenant, agent or attorney were first enacted in this State in 1821 (chap. 59). It was there provided for such service in two cases, (1) writs of attachments on which property had been attached, and (2) where the process was by original summons. It was also there provided that where an attachment had been made and the non-resident defendant had no tenant, agent or attorney in the State, the court could order notice to be given to him. In the revision of 1840 it was provided (chap. 114, sec. 27): "If the defendant was never an inhabitant of the State, or has removed therefrom, then the summons, *where goods and estate are attached,* or a copy of the original summons, as the case may require, shall be left with his tenant, agent or attorney, fourteen days before the sitting of the court as aforesaid." This was a condensation of the provisions of

the statute of 1821, and expressly provided that writs of attachment, at least, against a non-resident, could be served on his tenant, agent or attorney only "where goods and estate are attached." In R. S., 1857, the same provisions are embraced in secs. 17 and 18, c. 81. In the revision of 1871 all the former provisions, including those for notice under order of court, were condensed into one section (sec. 19, c. 81), and the language there used is the same as now used in R. S., sec. 21, c. 83, above quoted.

It is thus noted that in the original statute of 1821, and in all the revisions prior to that of 1871, the provision that the separate summons in a writ of attachment could be served on a non-resident's tenant, agent or attorney, was coupled with the express condition that his goods or estate had been attached. In the revisions of 1840 and 1857 the language is "the summons, where goods and estate are attached, or a copy of the original summons, as the case may require, shall be left," etc. In the revision of 1871 the words "where goods and estate are attached" do not appear, and the phraseology then and since used is, "by leaving a summons, or copy, as the case may be" etc. There has been no specific legislation authorizing the changing of the phraseology of the statute by striking out the words omitted. A change in phraseology in the re-enactment of a statute in a general revision does not change its effect unless there is an evident legislative intention to work such change. *Taylor* v. *Caribou*, 102 Maine, 401, 406 ; *Hughes* v. *Farrar*, 45 Maine, 72 ; *Cummings* v. *Everett*, 82 Maine, 260.

Is the change in the phraseology made in the re-enactment of the statute in the general revision of 1871, and followed in subsequent revisions, to be regarded as an expression of an evident legislative intent to change so radically the meaning and effect of these statutory provisions for the service of writs against non-resident defendants? We think not. In deciding this question the statute as it now reads is not to be interpreted solely by its own words. It has become a part of, and is to be read in connection with, the whole body of the law, and in its enactment the legislature is presumed to have acted within constitutional limitations and to have been guided by those principles of right and justice which have been long and

firmly established. This court early, in *Bank* v. *Butman,* supra, page 24, adopted the following language: "There are certain eternal principles of justice which never ought to be dispensed with, and which courts of justice never can dispense with, but when compelled by positive statute. One of them is, that jurisdiction cannot be justly exercised over property not within the reach of its process, or over persons not owing them allegiance, or not subjected to their jurisdiction, by being found within their limits."

To give the statute the construction which the plaintiff contends for would be to find that the legislature by the revision of 1871 intended to provide that this principle of justice, so long and firmly established, should be dispensed with, and that our courts should have jurisdiction over the person of a non-resident, wherever he might be, provided only that he had a tenant, agent or attorney in this State upon whom the writ had been served. Such an enactment would have been in violation of a long established principle of right and justice, would have been discordant with other kindred statutory provisions, and would have resulted in manifest and monstrous injustice. We do not think that such was the evident intent of the legislature.

Moreover, a statute providing that a non-resident personal defendant should become personally subject to the jurisdiction of the courts of this State in an action of assumpsit, where the only service of the writ is by leaving the summons with his tenant, agent or attorney in the State, would seem to be unconstitutional, not being "due process of law." Sec. 1, 14th amendment U. S. Const. *Pennoyer* v. *Neff,* 95 U. S. 714.

In the case at bar the process was a writ of attachment, and not an original summons. No property of the non-resident defendant within the State was attached, and no personal service was made upon him. It is therefore the opinion of the court that the motion to dismiss for want of jurisdiction should have been granted.

*Exceptions sustained.*