## TERRITORY *v.* JAMES J. OVERBAY.

## No. 883.

RESERVED QUESTION FROM CIRCUIT COURT, FIRST CIRCUIT.

HON. C. W. ASHFORD, JUDGE.

SUBMITTED DECEMBER 7, 1915.           DECIDED DECEMBER 15, 1915.

ROBERTSON, C.J., WATSON, J., AND CIRCUIT JUDGE DICKEY
IN PLACE OF QUARLES, J., ABSENT.

STATUTES—*code or revision—construction.*

In case of ambiguity or repugnancy in a code or revision of laws the original legislation may be referred to as an aid to correct interpretation. Statutes carried into a revision retain their original effect unless an intent to make a change is clear, and in case of a repugnancy the later original enactment will prevail over the earlier.

SAME—*Sec. 3937 R. L. 1915 construed.*

The words "at hard labor" in lines 7 and 8, Sec. 3937 R. L. 1915, held to be inoperative in view of the provisions of sections 1461, 1771 and 1772.

EMBEZZLEMENT—*district courts—jurisdiction.*

The offense of embezzlement where the value of the property involved amounts to $20 but is less than $100 is not an infamous offense. A district court has jurisdiction to hear and determine a charge of such offense subject to appeal to the circuit court in the absence of a demand for a jury trial in the first instance.

### OPINION OF THE COURT BY ROBERTSON, C.J.

The defendant was convicted in the district court of Honolulu upon a charge of having embezzled the sum of thirty dollars, the property of another, on the 6th day of August, 1915, and, under the provisions of section 3937 of the Revised Laws, 1915, was sentenced to be imprisoned for the term of six months and to pay the costs of court.

He appealed to the circuit court. That court, entertaining a doubt as to whether, under the statutes of this Territory, the district court had jurisdiction to hear, determine and pronounce sentence in the case, and, therefore, doubting whether the circuit court had jurisdiction to entertain the appeal, decided to reserve the question for the consideration of this court.

Whether or not the district court had jurisdiction to try the defendant depends upon whether the offense with which he was charged was an infamous offense, for if it was the defendant could have been tried only in the circuit court upon an indictment or presentment of the grand jury. Whether or not the offense with which the defendant was charged is an infamous offense, and, therefore, the answer to the question reserved, involve the consideration and construction of certain provisions of the Revised Laws, which we will now take up.

In this jurisdiction an offense that is punishable with death or with imprisonment for a longer period than one year is a felony, otherwise it is a misdemeanor. R. L. 1915, Sec. 3662. The punishment for the offense of embezzlement, where the value of the property involved "be to the amount of twenty dollars and less than one hundred," is stated to be "imprisonment at hard labor not more than one year, or by fine not exceeding three hundred dollars." R. L. 1915, Sec. 3937. Section 1461 of the Revised Laws (originally Act 59, S. L. 1905) provides, however, that no person committed upon conviction of a misdemeanor shall be subjected to any infamous punishment. Persons convicted upon such a charge would, therefore, be confined in the Honolulu jail, wherein "no person convicted of a felony or suffering infamous punishment" shall be confined, and "no person confined therein shall be subject or compelled to perform labor during the term of his imprisonment." R. L. 1915, Sec. 1772. On behalf of the Territory, in a carefully

prepared brief, it is contended that upon a proper construction of the statutes it should be held that the provision for hard labor in section 3937 is inoperative; that neither hard labor nor any infamous punishment may be imposed upon one sentenced under the above quoted part of that section, and that, therefore, the offense of which the defendant was convicted is not an infamous offense. The case of *Ex Parte Higashi,* 17 Haw. 428, is relied on and the argument is made that the question involved here was decided there, and that no change of circumstances has occurred which could lead to a different result.

In *Ex Parte Higashi,* decided in 1906 upon a petition for a writ of *habeas corpus,* the petitioner had been convicted in the district court of Honolulu of the offense of aiding and assisting in maintaining a lottery contrary to section 3173 of the Revised Laws, 1905 (now Sec. 4170, R.L. 1915), a misdemeanor, and sentenced to imprisonment for thirty days, though the statute (R. L. 1905, Sec. 3179; now R. L. 1915, Sec. 4178) provided for imprisonment "at hard labor," and the question there was as to the effect upon the statute of the provisions of Acts 58 and 59 of the Session Laws of 1905, which have become respectively sections 1771, 1772 and 1461 of the revision of 1915. Those acts, this court held, had the effect of repealing the "hard labor" provision and of preventing the imposition of infamous punishment upon persons convicted of misdemeanor. We do not doubt the correctness of the decision in that case, and it must be regarded as a controlling authority unless the fact that the legislature, in enacting the Revised Laws of 1915, which retained the "hard labor" provision in section 3937 (as well as in the case of many other misdemeanors), yet included also the provisions of Acts 58 and 59 of the laws of 1905, has materially altered the situation.

In compiling the revision of 1915, the commissioners might well have omitted from section 3937, and analogous

sections, the words "at hard labor." But the legislature is presumed to have known of the construction given the various provisions of law by the court in the *Higashi* case, so that the retention of those words, under the circumstances, might be attributed to an oversight. "Where a later statute repealed by implication a provision in a prior statute and afterwards both statutes were incorporated into, and reenacted, without change, as parts of a revision, it was held that the reenactment of the repealed provision was an oversight, and that it remained without effect." 2 Lewis' Sutherland, Stat. Con. (2nd ed.), p. 858, citing *Lyon v. Ogden,* 85 Me. 374. Other and more weighty considerations also lead to the conclusion that the effect of the several provisions construed in the *Higashi* case has not been changed by the revision of 1915. Upon the extension to this Territory of the guaranties of the Federal Constitution several changes in the procedure in criminal cases were made necessary, others advisable. Chief Justice Frear, in his report to the legislature at its 1905 session, recommended that "provision should be made by which no misdemeanant may be imprisoned in Oahu prison or other similar institution; in other words, only those punishable by imprisonment for more than one year should be subject to imprisonment in an institution which may be likened to a state penitentiary. * * * Further provision should be made by which no misdemeanant may be subjected to any punishment that may be infamous, whether such punishment is imprisonment in an institution of the character of a State penitentiary or other punishment." The enactment of Acts 58 and 59 at the Session of 1905, followed. The object, of course, was to avoid the necessity of grand jury action in cases of misdemeanors conviction of which up to that time entailed confinement with felons and at hard labor. The reason for the legislation of 1905 is as forceful now as it was then. In case of ambiguity or repugnancy in

a code or revision the original legislation may be referred to as an aid to correct interpretation. *Viterbo* v. *Friedlander,* 120 U. S. 707, 726; *United States* v. *Lacher,* 134 U. S. 624; *Morganton M. & T. Co.* v. *Andrews,* 165 N. C. 285, 292; *Stevens* v. *State,* 159 S. W. (Tex.) 505; *Cummings* v. *Everett,* 82 Me. 260, 264. Statutes carried into a revison retain their original effect and appropriate construction unless the legislative intent to make a change is clear. This is particularly so where a statute has been construed before its incorporation into the revision. *Crenshaw* v. *United States,* 134 U. S. 99, 108; *Foster* v. *Curtis,* 213 Mass. 79, 85; *Hooper* v. *Creager,* 35 L. R. A. (Md.) 202; *French* v. *Commissioners,* 64 Me. 583, 586. The rule of construction that where a general statutory provision conflicts with a special or particular provision the latter will be construed as an exception and both may stand accordingly, ought not to be applied where, as here, it would defeat the evident intent of the legislature. Nor does the fact that the Revised Laws were enacted as a whole render applicable the rule that where two clauses in a statute are in irreconcilable conflict the one later in position will prevail. For, though enacted as one statute, the fact remains that the revision is composed of many statutes passed at different times, and in construing provisions contained in a revision, as in construing a series of acts relating to one subject, in cases of difficulty, the history of the legislation and its purpose ought to be considered. And the general rule is that in construing repugnant provisions contained in a statutory revision or code the provisions of the later original enactment will prevail over the earlier regardless of the relative position of the provisions in the revision, for the intent and purpose of the legislation has not been changed. 1 Lewis' Sutherland, Stat. Con. (2nd ed.), p. 543; *Gaines* v. *Marye,* 94 Va. 225, 227; *Williams* v. *W. & A. R. Co.,* 83 S. E. (Ga.) 525; *Hooper* v. *Creager, supra.*

The problem in the case at bar is not precisely the same as that which was solved in *Ex Parte Higashi*. There it involved an implied repeal of a part of an earlier statute by a later modifying act. Here it involves the effect of two repugnant provisions enacted by the legislature in the one revision. But the result is the same. We hold that the offense of which the defendant was convicted is not an infamous offense, and that in the absence of a demand on his part for a jury trial in the first instance the district court had jurisdiction to hear and determine the case. R. L. 1915, Sec. 2299. The circuit court, therefore, has jurisdiction to try the case upon the defendant's appeal.

The case is remanded to the circuit court.

*W. T. Carden,* Second Deputy City and County Attorney of Honolulu, for the Territory.