ROBERT L. CRAM, REG. OF DEEDS

*vs.*

INHABITANTS OF COUNTY OF CUMBERLAND

Cumberland.   Opinion, April 27, 1953.

*Nathaniel M. Haskell,* for plaintiff.

*Daniel C. McDonald, County Attorney,*
*Frederick S. Sturgis, County Attorney,* for defendant.

SITTING: *MURCHIE, C. J., MERRILL, C. J., THAXTER, FELLOWS, NULTY, WILLIAMSON, JJ.

MERRILL, C. J.   On report.   This is an action brought by the plaintiff, who is Register of Deeds for Cumberland County, to recover compensation for compiling and completing a revised and consolidated index covering all deeds recorded in the Registry of Deeds for said County for the period from January 1, 1945 to and including December 31, 1949. Compensation is claimed under R. S. (1944), Chap. 79, Sec. 243. So much of said section as is applicable is as follows:

> "The registers shall make an alphabetical index to the records without charge to the county, * * * As often as every 10 years the register shall revise and consolidate such index * * * For this work the register shall receive a reasonable compensation to be approved by the county commissioners of the respective counties and drawn from the county treasury."

The plaintiff's claim is resisted by the county which claims that R. S. (1944), Chap. 79, Sec. 231 absolves it from any liability for the aforesaid work. Said Section 231, in part, is as follows:

> "Registers of deeds in the several counties shall receive annual salaries from the treasuries of the counties in monthly payments on the last day of each month, as follows: * * *
> Cumberland (as amended) $3,600, * * *
> The sums above mentioned shall be in full compensation for the performance of all official duties and no other fees or compensation shall be allowed them. All registers, except in the western district

of Oxford County, shall devote their entire time to the duties of the office. They shall account quarterly under oath to the county treasurers for all fees received by them or payable to them by virtue of the office, specifying the items, and shall pay the whole amount of the same to the treasurers of their respective counties quarterly on the 15th days of January, April, July, and October of each year. They may make abstracts and copies from the records and furnish the same to persons calling for them and may charge a reasonable fee for such service, but shall not give an opinion upon the title of real estate. Fees charged by them for abstracts and copies shall be retained by them and not paid to the county."

With respect to the payment for services rendered in revising and consolidating the index, which is an official duty of the register, these two sections of the statute are apparently in direct and irreconcilable conflict one with the other. If the provisions of Section 231 relative to compensation of registers of deeds prevail, the plaintiff cannot recover. On the other hand, if the provision of Section 243 relative to the compensation of such registers for services in revising and consolidating the index is to prevail, the plaintiff would be entitled to receive a reasonable compensation for his services. The question is one of construction.

It is for the court to determine the expressed legislative intent. "The legislative intention must prevail in the construction of statutes whenever that intention can be ascertained." *Lyon* v. *Lyon,* 88 Me. 395, 401.

"Statute provisions, unless absolutely conflicting, are to be construed so as to make them operate harmoniously as a whole, giving each its appropriate effect—not using one section to evade or abrogate another." *Collins* v. *Chase,* 71 Me. 434, 436.

"All existing statute provisions upon a particular topic are to be examined together to ascertain the intent of each; and a meaning which is found to be incompatible with any plain provision must be rejected." *Merrill* v. *Crossman*, 68 Me. 412, 414.

An existing statute that is inconsistent with a new statute enacted upon the same subject matter must be regarded as necessarily repealed by the subsequent legislation. *Poor* v. *Willoughby*, 64 Me. 379.

The foregoing general principles to be applied in the construction of statutes are elementary and further citation of authorities thereon is unnecessary.

In this case the two sections of the statute which we are considering, R. S. (1944), Chap. 79, Secs. 231 and 243, although reenacted simultaneously in the revisions of 1916, 1930, and 1944 successively, were not initially enacted simultaneously. Their legislative history is illuminating.

Section 231, the section relied upon as affording a defense to this action, was first enacted in its present form as Chapter 141 of the Public Laws of 1915. Section 2 of the 1915 act expressly provided that "All acts or parts of acts inconsistent with the provisions of this act are hereby repealed."

Section 1 of Chapter 141 of the Public Laws of 1915 was carried into the revision of 1916 without any change material to the issues here involved. It appeared as R. S. (1916), Chap. 117, Sec. 43 and except for changes in the amount of salary to be paid to the several registers, appeared again in R. S. (1930), Chap. 125, Sec. 44, and is now R. S. (1944), Chap. 79, Sec. 231, quoted *supra*.

An examination of the legislation which P. L., 1915, Chap. 141 replaced is not only interesting but throws light upon its construction.

Prior to 1893, registers of deeds received no salaries but were compensated for their services in the registries principally by the fees for recording. By the following acts, P. L., 1893, Chap. 219, P. L. 1895, Chap. 22, P. L., 1901, Chap. 230, salaries were established for the registers of deeds of Penobscot, Kennebec and Androscoggin Counties respectively. The provisions of these three acts were carried into the Revision of 1903, Chap. 116, Sec. 6. After specifying the salaries, with allowances for clerk hire, the statute provided:— "The above salaries shall be received instead of the fees provided by law, and said registers shall collect such fees and pay them into the treasuries of their counties quarterly, for the use of said counties."

By R. S. (1903), Chap 11, Sec. 15, provision was also made for the revision of the index by the registers "for which they shall receive a reasonable compensation to be approved by the county commissioners of the respective counties," which provision without change material to decision of this case was continued in R. S. (1916), Chap. 12, Sec. 15, R. S. (1930) Chap. 15, Sec. 15, and now appears in R. S. (1944), Chap. 79, Sec. 243, quoted *supra*.

It is to be noted that the provisions of R. S. (1903), Chap. 116, Sec. 6 with respect to the salaries of registers of deeds in the counties of Androscoggin, Kennebec and Penobscot provided that the salaries should be received instead of the fees provided by law, and that the registers should collect the fees and pay them into the treasuries of their counties. This provision evidently applies only to fees to be charged and collected according to the schedule of fees set forth in the statute. It manifestly did not apply to the compensation to be paid to them for services in consolidating and revising the index under R. S. (1903), Chap. 11, Sec. 15. It would be absurd to make provision for the payment of a reasonable sum by the county commissioners to the registers

for revising and consolidating the index, and then require them to pay such sum into the county treasuries. In 1905 the Legislature passed an act, P. L., 1905, Chap. 173, placing all registers of deeds on a salary basis with a provision that the salaries "shall be in full compensation for the performance of all official duties and in lieu of all fees," and that the registers account quarterly to the county treasurers for the fees received by them or payable to them by virtue of the office.

In 1907, the 1905 act was amended by some readjustment of salaries and clerk hire but the foregoing provision of the 1905 act was continued verbatim. P. L., 1907, Chap. 177.

It is unnecessary for us to decide whether or not the 1905 act and the 1907 act repealed the provisions of R. S. (1903), Chap. 11, Sec. 15 relative to compensation to the registers of deeds for revision and consolidation of the index as inconsistent therewith. If any doubt existed with respect thereto it was settled by P. L., 1915, Chap. 141. That act not only stated that "the sums above mentioned (the salaries) shall be in full compensation for the performance of all official duties" but expressly provided "that no other fees *or* compensation shall be allowed them. (Emphasis ours.) All registers, except in Oxford, western district, shall devote their entire time to the duties of the office." Section 2 of the act as above stated declared that all acts or parts of acts inconsistent with the provisions of the act were thereby repealed. Furthermore, a provision contained in Section 1 of the act relating to the registers provided that "they may make abstracts and copies from the records and furnish the same to persons calling for them and may charge a reasonable fee for such service, but shall not give an opinion upon the title to real estate. Fees charged by them for abstracts and copies shall be retained by them and not paid to the county."

This latter provision allowing registers, who were full time officials, to perform certain specified acts and receive and retain fees therefor clearly indicates that the provision that the salaries were to be in full compensation for the performance of all official duties and that no other fees or compensation shall be allowed to them is, save for the exception, all inclusive, and excludes any right to the additional compensation allowed under the then existing statute for revising and consolidating the index. We hold that P. L., 1915, Chap. 141 repealed the provision of R. S. (1903), Chap. 11, Sec. 15, as then amended, which provided for the payment of compensation to the registers of deeds, for revising and consolidating the index of deeds.

As above stated, in the revision of 1916, P. L., 1915, Chap. 141 appeared as R. S. (1916), Chap. 117, Sec. 43; and although the provision for extra compensation for revising and consolidating the index had been repealed by P. L., 1915, Chap. 141, that provision again appeared in R. S. (1916), Chap. 12, Sec. 15. It again appeared in R. S. (1930), Chap. 15, Sec. 15 and now appears in R. S. (1944), Chap. 79, Sec. 243.

A general rule for the interpretation of provisions in the Revised Statutes is well stated in *Cummings* v. *Everett,* 82 Me. 260, 264, 265:

"Of course, the whole chapter should be studied; but it should be borne in mind that though technically enacted together, the different sections and clauses were first enacted independently, at different times, under different circumstances and for different purposes. In our efforts to ascertain the meaning of any section or clause, we should resort to the original statute from which it was condensed and search for the legislative intent in the words of the statute, and also in its occasion and purpose, and in the jurisprudence of the time. When a statute is incorporated in a general revision of all the

> statutes, and re-enacted along with the reenact-
> ment of other statutes, its purpose and effect are
> not changed unless there be some compelling
> change in the language. Usually a revision of the
> statutes simply iterates the former declaration of
> legislative will. *Hughes* v. *Farrar*, 45 Maine, 72;
> *French* v. *Co. Com.*, 64 Maine, 583, 585. * * *
> Moreover the whole body of previous and contem-
> poraneous legislation should be considered in inter-
> preting any statute. The legislative department is
> supposed to have a consistent design and policy,
> and to intend nothing inconsistent or incongru-
> ous."

We have had many cases before this court involving the interpretation of statutes included in revisions, of which we would mention *Hughes* v. *Farrar*, 45 Me. 72; *French* v. *County Commissioners*, 64 Me. 583; *Cummings* v. *Everett*, 82 Me. 260; *Inhabitants of St. George* v. *City of Rockland*, 89 Me. 43; *Taylor* v. *Inhabitants of Caribou*, 102 Me. 401; *Martin* v. *Bryant*, 108 Me. 253; *Stevens* v. *Dixfield and Mexico Bridge Company*, 115 Me. 402; *Glovsky* v. *Realty Bureau*, 116 Me. 378; *Mitchell* v. *Page*, 107 Me. 388; *State* v. *Holland*, 117 Me. 288; *Camden Auto Co.* v. *Mansfield*, 120 Me. 187; *Densmore* v. *Hall*, 109 Me. 438; *Tarbox* v. *Tarbox*, 120 Me. 407; *People's Ferry Co.* v. *Casco Bay Lines*, 121 Me. 108.

None of these cases discusses, nor in any case heretofore decided by this court have we discovered any discussion of the construction of inconsistent provisions contained in a revision of statutes, when the inconsistency is due to the fact that the revision contains a repealed law or section from a prior revision which had been repealed in the interval between revisions. This question has been considered many times in other jurisdictions. The rule with respect thereto is clearly stated in the recent case of *In Re Initiative Petition No. 249*, 222 Pac. 2nd (Okla.) 1032, 1034, where it is said:

"The general rule is that where two inconsistent statutes are carried into the codified law the one last passed, which is the later declaration of the legislative will, should prevail, regardless of the order in which they are placed in the compilation. 50 Am. Jur., p. 471, section 457. Ramsey v. Leeper, 168 Okl. 43, 31 P. 2d 852; Stephenson v. O'Keefe, 195 Okl. 28, 154 P. 2d 757."

In *Kershaw* v. *Burleigh County*, 47 N. W. (2nd) (N. D.) 132 at 134, in a well reasoned opinion, the court said:

"As previously noted we are here concerned with two irreconcilable statutes carried into the codified law. Statutes do not lose their historical rank or status through the process of codification. 'The general presumption obtains that the codifiers did not intend to change the law as it formerly existed.' State ex rel Kositzky v. Prater, 48 N.D. 1240, 189 N.W. 334, 337. 'The general rule is that where two inconsistent statutes are carried into the codified law, the one last passed, which is the later declaration of the legislative will, should prevail, * * *' 50 Am. Jur. 471, § 457. In Ramsey v. Leeper, 168 Okl. 43, 31 P. 2d 852-860, in passing on this question the court said:

'Another point that must not be overlooked is the effect, if any, of the incorporation of both of these statutes in the Revised Laws of 1910. It has been many times held in this jurisdiction that the adoption of the Revised Laws of 1910 amounts to a re-enactment of the law therein included. Barnett v. Barnett, 158 Okl. 270, 13 P. 2d 104; Quick v. City of Fairview, 144 Okl. 231, 291 P. 95; Herndon v. State, 16 Okl.Cr. 586, 185 P. 701.

'The question then arises, Does this re-enactment of the statutes by the adoption of the Revised Laws of 1910 destroy the importance of the fact that one was passed subsequent to the other? Does it render the two statutes coequal in point of time as an expression of the legislative will? The true rule applicable to this situation is concisely stated in 59

C.J. at page 1101, par. 649, wherein it is said: "The different sections should be regarded, not as prior and subsequent acts, but as simultaneous expressions of the legislative will; but where every means of reconciling inconsistencies has been employed in vain, the section last adopted will prevail, regardless of their relative positions in the code or revisions."

'And again in 25 R. C. L. p. 1012: "The place assigned to a statute in a compilation cannot control the plain meaning expressed in the statute itself. Where there are two conflicting sections of a general compilation or code of statute laws, that section should prevail which is derived from a source that can be considered as the last expression of the law making power in enacting separate statutes upon the same subject, regardless of the order in which they are placed in the compilation." * * *

In Hines v. Harmon, 178 Okl. 1, 61 P. 2d 641, 644, the court said: 'It is also the contention of plaintiffs in error that both of these statutes, having been brought into the Revised Statutes of 1910, have an equal status as having been simultaneously passed. The authorities do not sustain this contention but hold to the contrary. 59 C.J. 928; 25 R.C.L. 925; Wright v. Oakley, 5 Metc. (Mass.) 400; Scheftels v. Tabert, 46 Wis. 439, 1 N.W. 156; State v. Wimpfheimer, 69 N.H. 166, 38 A. 786; Commonwealth v. McNamara, 93 Pa. Super. 267; Jessee v. DeShong (Tex.Civ.App.) 105 S.W. 1011; State v. Prouty, 115 Iowa, 657, 84 N.W. 670; Pratt v. Swan, 16 Utah, 483, 52 P. 1092; State v. Ward, 328 Mo. 658, 40 S.W. 2d 1074; Hillsborough County Commissioners v. Jackson, 58 Fla. 210, 50 So. 423, 424, 138 Am. St. Rep. 110, 19 Ann.Cas. 148; Adkins v. Arnold, 235 U.S. 417, 35 S.Ct. 118, 119, 59 L.Ed. 294.'

These holdings were reaffirmed in Ex parte Burns, 88 Okl.Cr. 270, 202 P. 2d 433. See also: Arkansas City v. Turner, 116 Kan. 407, 226 P. 1009; City of

Wichita v. Wichita Gas Co., 126 Kan. 764, 271 P. 270.

The rule of law stated in the foregoing cases with reference to the subject of this inquiry is, we believe, the correct rule and is supported by a large number of cases from other jurisdictions. We hold that where irreconcilable provisions have been carried into the codification of the laws of the state and all other guides for ascertaining the legislative will are lacking, resort may be had to the chronology and history of the statutes incorporated in the codification as such statutes existed prior thereto to aid in their interpretation."

We would call especial attention to the following cases: *Ex parte Burns,* 202 Pac. 2nd (Okla.) 433; *Adkins* v. *Arnold,* 235 U. S. 417; *Hillsborough County Commissioners* v. *Jackson,* 50 So. (Fla.) 423; *State* v. *Woodman,* 272 Pac. (Kan.) 132; *Ramsey* v. *Leeper,* 31 Pac. 2nd (Okla.) 852; *Lamar et al.* v. *Allen et al.,* 33 S. E. (Ga.) 958; *Northern Pacific Railroad* v. *Ellison,* 28 Pac. (Wash.) 333, same case on rehearing, 29 Pac. (Wash.) 263; *Graetz* v. *McKenzie,* 28 Pac. (Wash.) 331. To cite further authorities would serve no useful purpose.

Of the cases cited above, *Lamar et al.* v. *Allen et al.,* 33 S. E. (Ga.) 958, is particularly helpful as it disposes of the contention that of provisions contained in the same chapter of a revision the one bearing the later section number prevails over those bearing an earlier number, on the theory that it is the latest expression of the legislative will. The Georgia court, conceding that it is a well settled rule of construction that when there is a conflict between two parts of a single act the latest in position will be declared to be the law, as from its position it is presumed to be the last expression of the legislative will, held that the rule has no application in a revision when the inconsistent provisions were not initially simultaneously enacted. The court said: "A

rule founded upon the same principle is applicable when there are two conflicting sections in a code, and that is, that section prevails which is derived from a source which can be considered as the last expression of the lawmaking power." The court then held that the last expression of the law making power was that act which chronologically was last enacted. Applying this rule to the several sections contained in the code in the order of their original enactment, the court then held that Section 4596 would prevail over Section 4849 and that Section 4595 would prevail over both of them.

If repugnant provisions of prior statutes are compiled and adopted in a general Revision of the Statutes, it must be presumed that the repugnancy was overlooked and that it was the intention of the Legislature to bring forward the latest expression of the legislative will where irreconcilable inconsistency or repugnancy appears in different sections of the Revised Statutes. *Hillsborough County Commissioners v. Jackson, supra.*

Applying the foregoing rule of law to the case in hand, the provision contained in Section 231 of Chapter 79 of the Revised Statutes of 1944, that the salaries of the respective registers of deeds "shall be in full compensation for the performance of all official duties and that no other fees or compensation shall be allowed them" must prevail over the provision of Section 243 that for the work of revising and consolidating the index the registers "shall receive a reasonable compensation to be approved by the county commissioners." The latter provision had been repealed prior to the revision of 1916 and its continuance in the revisions of 1916, 1930, and 1944 as a part of the section in which it is found did not give it new life.

In accordance with the stipulation of the parties and the terms of the order reporting the case to us, we find that the

defendant is not liable and that judgment must be entered in its favor.

*Remanded for the entry of Judgment for the defendant.*

\* (MURCHIE, C. J., having deceased, did not join in this opinion.)

## NOTE BY MERRILL, C. J.

Since filing the foregoing opinion the writer thereof has discovered the case of *Lyon* v. *Ogden,* 85 Me. 374, which involved the interpretation of conflicting sections in the Revised Statutes of 1883, the conflict being between R. S. (1883), Chap. 65, Sec. 36, and R. S. (1883), Chap. 64, Secs. 12, 13, 14, and 15. In that case the conflict was caused, as here, by a failure to delete from the Revision of 1883 a provision which had been repealed by implication by P. L., 1874, Chap. 169. The case of *Lyon* v. *Ogden* is in entire accord with the reasoning of the court and the conclusion reached by it in the foregoing opinion.

This note is filed in the interest of accuracy as to the state of the decisions in this jurisdiction. It is filed because it is stated in the opinion that the court had not discovered any discussion of the construction of inconsistent provisions contained in a revision of statutes when the inconsistency is due to the fact that the revision contains a repealed law or section from a prior revision which had been repealed in the interval between revisions. *Lyon* v. *Ogden* is such a case and wholly supports the foregoing opinion.