# THOMAS PEDRO, JR., HARRY H. ALLEN, W. E. EDMUNDS, SAM P. WOODS, SAMUEL H. KAMAU AND WILLIAM L. SERRAO *v.* A. A. HAPAI, CLERK OF THE COUNTY OF HAWAII.

## No. 1655.

### SUBMISSION UPON AGREED FACTS.

ARGUED OCTOBER 2, 1925.          DECIDED OCTOBER 3, 1925.

PERRY AND LINDSAY, JJ., AND CIRCUIT JUDGE BANKS
IN PLACE OF PETERS, C. J., ABSENT.

PRIMARY ELECTIONS—*times for holding.*

> Under the provisions of the primary law applicable to the County of Hawaii, a primary election must be held in the said county on the second Saturday of October in each odd year.

STATUTES—*repeal of by implication.*

> Act 192, S. L. 1919, providing for primary elections in the County of Hawaii every fourth year after the year 1923, is repealed by necessary implication by the enactment of Act 223, S. L. 1923, which provides that in the County of Hawaii, as well as in the counties of Maui and Kauai, primary elections should be held every second year.

SAME—*code or revision—construction.*

> In case of ambiguity or repugnancy in a code or revision of laws the original legislation may be referred to as an aid to

correct interpretation. Statutes carried into a revision retain their. original effect unless an intent to make a change is clear and in case of a repugnancy the later original enactment will prevail over the earlier.

OPINION OF THE COURT BY LINDSAY, J.

This is a submission upon an agreed statement of facts under which the sole question presented is whether the laws of the Territory require that a primary election for the nomination of county officers for the County of Hawaii be held on October 10, 1925. Argument was had on October 2 and, on the following day, we announced orally that the question should be answered in the affirmative, and that the reasons for our conclusion would later be handed down in writing.

From the facts submitted, it appears that defendant, who is clerk of the County of Hawaii, caused to be published a primary election proclamation under which the electors of the county were notified that a primary election for the purpose of making nominations for county officers for said county would be held on Saturday, the 10th day of October, 1925, whereupon the plaintiffs filed their respective nomination papers as candidates for nomination at said primary election. Thereafter the county attorney of the county, in a written opinion, notified the clerk that, under the laws relating to primary elections, no primary election might legally be held on October 10, 1925, and that no primary election in the County of Hawaii may legally be held until October, 1927.

In consequence of this opinion another proclamation was published notifying the electors that no primary election would be held on October 10, as announced in the former primary proclamation, and defendant stated that it was his intention to abide by the official opinion of the county attorney and to refrain from proceeding further with the conducting of said primary election.

The contention of the plaintiffs is that the laws relating to the nomination and election of county officers, applicable to the County of Hawaii, require that a primary election be held on October 10, 1925. On the other hand, the contention of defendant is that the laws of the Territory make no provision for a primary election in the County of Hawaii on October 10, 1925, or at any time within the year 1925, basing this contention on the language of paragraph 2 of section 34, R. L. 1925, which provides that in the year 1923, and *every fourth year thereafter,* the primary elections for officers of the County of Hawaii shall be held on the second Saturday in the month of October.

If the contention of defendant is sound and no primary election for the County of Hawaii may be held on October 10, 1925, a singular situation arises, and the requirement of section 1608, R. L. 1925, that a general election of officers for the County of Hawaii (as well as for the counties of Maui and Kauai) be held on the first Tuesday after the second Monday in the month of November in the year 1925, is rendered nugatory and meaningless, since, under the express provisions of the primary law, no person may be a candidate for election to a county office unless he shall have been nominated for such office in the primary next prior to the county election. The contention of defendant is that the legislature having definitely and clearly fixed the times when primary elections for the County of Hawaii shall be held, to wit, every fourth year after 1923, and there being no ambiguity created by the language used in paragraph 2 of section 34, R. L. 1925, there is no room for judicial construction of said paragraph, and the legislative mandate contained therein must be followed, even though this may result in making an election of county officers for the

year 1925 impossible by reason of the fact that no candidates for offices have been nominated.

Section 1608, R. L. 1925, to which we have alluded, reads as follows: "Sec. 1608. Time of election and taking office. All general elections of officers of the counties of Hawaii, Maui and Kauai shall be held on the first Tuesday after the second Monday in the month of November, in the year 1923, and every second year thereafter, and such officers shall take office at 12 o'clock meridian on the 2nd day in the month of January following their election, unless such day be a Sunday in which case they shall take office on the 3rd day of such month." As we have already remarked, under the primary law no person may be a candidate for election to a county office unless he shall have been nominated for said office in the primary next prior to the county election.

Section 34, R. L. 1925, reads as follows: "Primary held when; candidates only those nominated. 1. The primary shall be held at the regular polling place in each precinct on the first Saturday of October in the year 1916 and biennially thereafter; provided, that in such county or counties or city and county where an election of county. officers has by law been fixed to take place in November of any odd year, a primary shall also be held on the second Saturday of the first month preceding such election month and biennially thereafter for the election of such county officers." Under section 1608, R. L. 1925, already quoted, county elections for the counties of Hawaii, Maui and Kauai have been fixed by law to take place in November of an odd year, to wit, "in the month of November, in the year 1923, and every second year thereafter." Under paragraph 1 of section 34 there is no uncertainty or doubt as to when a primary election should be held in the County of Hawaii, for the legislative intent, as expressed in that paragraph, that a primary

election should be held in the County of Hawaii on the 10th of October, 1925, is as clear and free from doubt as if said section read: "Provided, that in the counties of Hawaii, Maui and Kauai a primary election shall be held on the second Saturday in the month of October, 1925." Confusion, however, arises on a reading of paragraph 2 of section 34, which provides as follows: "2. The primary elections for the officers, chairman and executive officer, and members of the board of supervisors of the county of Hawaii shall in the year 1919 be held at the regular polling place in each precinct in the county of Hawaii. In the year 1923 and *every fourth year thereafter,* the primary elections for the officers, chairman and executive officer, and members of the board of supervisors of the county of Hawaii, shall be held at the regular polling place in each precinct in the county of Hawaii on the second Saturday in the month of October." Here then we have two statutory provisions upon the same subject that are clearly contradictory and repugnant to each other, the first provision being that in the County of Hawaii a primary election shall be held in the year 1925, and the second provision being that a primary election in said county shall be held four years after 1923, to wit, in the year 1927.

In view of these conflicting statutory provisions we cannot agree with the contention of defendant that the expressions of the legislative intent as to when primary elections are to be held in the County of Hawaii are free from ambiguity and require no judicial construction. On the contrary, the statutory provisions are palpably so conflicting and ambiguous that, in order to ascertain the true legislative intent, we are compelled to consider other legislative enactments *in pari materia.*

Prior to the year 1919 the statutes provided for county and primary elections in the various counties

upon identical dates. By Act 220, S. L. 1919, however, the County of Hawaii was put in a class by itself in regard to the times for election of its officers as well as to their tenure of office. That Act provided for an election of county officers on June 3, 1919, and 'the officers elected on that date were to take office on July 1, 1919, and to hold the same until their successors were elected. The next general election of officers for the County of Hawaii was fixed by this Act for the first Tuesday after the first Monday in the month of November, 1923, *and every fourth year thereafter.* Having thus changed the times for the holding of the county elections for the County of Hawaii by providing that such elections should henceforth be held quadrennially instead of biennially as hitherto, it became necessary to also change the time at which primary elections should be held in said county, and the legislature therefore by a companion Act, namely, Act 192, S. L. 1919, provided that in the year 1923 and *every fourth year thereafter,* a primary election should be held in the County of Hawaii.

In the year 1923, the legislature saw fit to again change the time for the holding of county elections and, by Act 43, 1923, enacted that "All general elections of officers of the Counties of Hawaii, Maui and Kauai shall be held on the first Tuesday after the second Monday in the month of November, in the year 1923, and every second year thereafter." In other words, by the provisions of the new Act it was provided that the County of Hawaii should no longer hold elections every four years but that in said county, as well as in the other counties named, elections should be held every two years. Such a change necessarily required a change in the primary law, hence it was enacted by Act 223, S. L. 1923, that "The primary shall be held at the regular polling place in each precinct on the first Saturday of October in the year 1916

and biennially thereafter; provided that in such county or counties or city and county where an election of county officers has by law been fixed to take place in November of any odd year, a primary shall also be held on the second Saturday of the first month preceding such election month and biennially thereafter for the election of such county officers."

There can be no doubt that, by such changes in the. election and primary laws, it was the intent of the legislature that the County of Hawaii should no longer be in a class by itself as to the time when its primary elections should be held, but that thereafter such primary elections as well as county elections should be held in the counties of Hawaii, Maui and Kauai on the same dates, and while the legislature did not, in express terms, repeal the provision of the statute requiring primary elections in the County of Hawaii every fourth year, such now unnecessary and meaningless provision was repealed by implication. Any other construction would lead to such a situation that could never have been in the mind of the legislature.

Act 192, S. L. 1919, having been repealed by necessary implication by the enactment of Act 223, S. L. 1923, there is no room for the contention that the inclusion of Act 192, S. L. 1919, in the codification of 1925, revived said Act. By Act 17, S. L. 1923, the legislature provided for the appointment of a commission to compile the statute laws of the Territory. The result of the labors of this commission was the Revised Laws 1925 which laws were duly adopted and enacted as law by the 1925 session of the legislature. In the Act creating the compilation commission it was provided by section 2 that in making the contemplated compilation, where "two or more statutes which are obviously repugnant to each other, the statute last enacted alone shall be included;"

and by section 3 that "Where two or more statutes or parts thereof overlap each other or substantially cover the same ground, the latter only shall be included." By section 11 of the Act it was further provided that "The said commission may recommend in a separate report such other changes not herein authorized to be made in the said compilation, as it may deem advisable for the sake of clearness, consistency, brevity and efficiency."

Notwithstanding the authority thus given to the compilation commission to omit statutes that were repugnant to statutes later enacted, the commission, doubtless through oversight and stress of work, did not, as it should have done, omit Act 192, S. L. 1919, but included the same in the new compilation. The mere inclusion, however, of the repealed Act did not revive said Act. As was said by the court in *United States* v. *Lacher,* 134 U. S. 624, 626, in considering a similar question: "If there be any ambiguity in section 5467, inasmuch as it is a section of the Revised Statutes, which are merely a compilation of the statutes of the United States, revised, simplified, arranged and consolidated, resort may be had to the original statute from which this section was taken to ascertain what, if any, change of phraseology there is and whether such change should be construed as changing the law;" and in *The Conqueror,* 166 U. S. 110, 122, the court said: "But if it were conceded that the statute be somewhat ambiguous, we are authorized to refer to the original statutes, from which the section was taken, and to ascertain from their language and context to what class of cases the provision was intended to apply."

In the case of *Territory* v. *Overbay,* 23 Haw. 91, this court has held (headnote): "In case of ambiguity or repugnancy in a code or revision of laws the original legislation may be referred to as an aid to correct interpretation. Statutes carried into a revision retain their

original effect unless an intent to make a change is clear, and in case of a repugnancy the later original enactment will prevail over the earlier."

Under the facts in this case we are of the opinion, as we have previously orally announced, that the statutes of the Territory require that a primary election for the nomination of county officers for the County of Hawaii be held on October 10, 1925.

*H. Irwin (D. E. Metzger* with him on the brief) for plaintiffs.

*I. M. Stainback (W. H. Beers* with him on the brief) for defendant.